_Thomas M. James / ADC# 98106_
Full name(s)

_ASPC-Lewis/Barchey Unit-2F-22_
Street address or postal box number

_P.O. Box 3200, Buckeye, Az., 85326_
City, State and zip code

_(623) - 386-6160_ _Ex: 4357_
Phone Number   _CO III: Portilo_

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

09 SEP 25 PM 4: 38

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE                   DISTRICT OF INDIANA

Civil Action No. **1 : 0 9 -cv- 1 2 0 4 WTL -TAB**

(To be supplied by the Court)

_Jury Trial Demanded_

_Thomas M. James / ADC# 98106_

_____ Plaintiff(s)

Full name(s) (Do not use *et al.*)

v.

_GEO-Group-Inc.(ABC/XYZ, corp.); Jeffrey wrigles_

_Superindendent(n.c.c.F.)(ABC/XYZ, corp.); CMS-_

_(n.c.c.F.)(ABC/XYZ, corp.); Dr. John Doe at :-_

_wishard hospital(ABC/XYZ, corp.) ; wishard_

_Hospital IN, (ABC/XYZ, corp.); -_

_continued on next page : (1-A)_____ Defendant(s).

(Enter above the full name of ALL defendants in this
action.  Do not use "et al".)

## CIVIL RIGHTS COMPLAINT

1. Any/and/all : John and Jane Doe's, unnamed herein,
2. that was involved with this case working at (n.c.c.f.)
3. or contracted by GEO-Group or CMS Inc. or (A.O.O.C.)
4. (ABC/xyz-corp.); Dora B. Schrino, Director (A.O.O.C.)(ABC-
5. -xyz-corp.); AOW Wagner, Arizona monitor at (n.c.c.f.)(ABC-
6. -xyz-corp.); C.O. IV Stevwing, CO. IV, wipp officer (A.O.O.C.) -
7. (ABC/xyz-corp.); C.O. III Macathor, staff counselor (A.O.O.C.) -
8. (ABC/xyz-corp.); Tammy Shroeder, (A.O.O.C.) medical monitor at
9. (n.c.c.f.)(ABC/xyz-corp.); Terry Allred, FHA at (A.O.O.C.) in :
10. ASPC-Yuma (ABC/xyz-corp.); Dr. Sheds, (ADOC) Doctor at :
11. ASPC-Yuma Complex (ABC/xyz-corp.); Dr. Peulie, (A.O.O.C.) -
12. Dentis at : ASPC-Tucson (ABC/xyz.corp.); Dr. Ronald G.
13. Quintia, DDS, Fellow American Association of Oral and Maxill-
14. -ofacial Surgeons, contracted by (A.O.O.C.)(ABC/xyz-corp.);
15. Doctor White, (A.O.O.C.) at ASPC-Tucson, (ABC/xyz-corp.);
16. Dennis G. Chenail, FHA (A.O.O.C.) at ASPC-Tucson, (ABC/xyz-
17. -corp.); Any/and/all : John and Jane Doe's, unnamed
18. herein, that was involved with this case working for
19. (A.O.O.C.) or contracted by (A.O.O.C.) or any medical
20. Dept. in or out of state (ABC/xyz-corp.); Any/And-
21. All - Black and white Entities - A-Z;
22. Dr. Eli Lorenzo, (n.c.c.f.)(ABC/xyz.corp.)    Defendant (s).
23.
24.
25.
26.
27.
28.                                (1-A)
29.

# I. PARTIES

1. **Plaintiff's Information:**

Name and Prisoner Number of Plaintiff: *Thomas M. James / 98106*

Present Place of Confinement or Mailing Address: *ASPC-Lewis-Barchey Unit (housing-2-F-22) P.O. Box 3200, Buckeye, Az, 85326.*

2. **Defendant's Information**: (*NOTE: To provide information about more defendants than there is room for here, use this format on another sheet of paper.*)

Name of Defendant 1: *GEO-Group, Inc. (ABC/xyz)-(Corp.)*

Title (If applicable): *unknown at this time*

Address of Defendant: *one location at: 1000 Van Nuys Rd., New Castle Indiana - at (n.c.c.f.) complex, 47362*

Name of Defendant 2: *Jeffrey Wriggles (ABC/xyz-corp.)*

Title (If applicable): *Superintendeat at (n.c.c.f.) Complex*

Address of Defendant: *1000 Van Nuys Rd., New Castle, IN 47362*

Name of Defendant 3: *CMS, Inc. (ABC/xyz-corp.)*

Title (If applicable): *Contracted by GEO-Group (medical Dept.(n.c.c.f.).*

Address of Defendant: *one location at: 1000 Van Nuys Rd., New Castle Indiana, 47362*

Name of Defendant 4: *Doctor Eli Lorenzo (ABC/xyz-corp.)*

Title (If applicable): *Doctor Contracted (CMS) at (n.c.c.f.) Complex*

Address of Defendant: *1000 Van Nuys Rd., New Castle, Indiana 47362*

2

Case 1:09-cv-01104-WTL-JAD Document 1 Filed 09/25/09 Page 4 of 29 PageID #: 4

1. Defendant #5: Doctor John Doe at wishard hospital, IN.
2. Title: Specialist, title unknown, (ABC/xyz-corp.).
3. Address: unknown.
4. Defendant #6: Wishard Hospital, (ABC/xyz-corp.).
5. Title: Hospital (corp.).
6. Address: Unknown, in Indianapolis Indiana.
7. Defendant #7: Any/And/All John and Jane Doe's, unnamed
8. herein, that were involved with this case working at (n.c.c.f.)
9. complex or contracted by GEO-Group Inc. or CMS Inc. or by
10. (A.O.O.C.) (ABC/zyz-corp.).
11. Title: many titles still unknown.
12. Address: 1000 Van Nuys Rd. New Castle, IN 47362, or at
13. Unit Complex(es) in Arizona State at (A.O.O.C.).
14. Defendant #8: Dr. Dora B. Schriro, Director (A.O.O.C.) (ABC-
15. -xyz-corp.) Title: Director (A.O.O.C.).
16. Address: Unknown at this time.
17. Defendant #9: AOW Wagnor, (ABC/xyz-corp.).
18. Title: Arizona Monitor at: (n.c.c.f.) in Indiana.
19. Address: Unknown at this time.
20. Defendant #10: C.O. IV Stev wing (ABC/xyz-corp.).
21. Title: wipp officer at: (A.O.O.C.) Yuma Complex.
22. Address: Unknown at this time. (ASPC-Yuma).
23. Defendant #11: C.O. III Ms Cothor (ABC/xyz-corp.).
24. Title: Counselor.
25. Address: Unknown at this time (A.O.O.C.) ASPC-Yuma).
26. Defendant #12: Tammy Shroeder (ABC/xyz-corp.).
27. Title: (A.O.O.C.) Monitor at: (n.c.c.f.) for medical Dept.
28. with (C.M.S.) medical. (continue on page #3).
29.                (2-A)

1   - for relocated Arizona inmates.

2   Address: Working for (A.O.O.C.) unknown at this time.

3   Defendant #13: Terry Allred, (ABC/XYZ-Corp.).

4   Title: FHA medical Dept. (ASPC-Yuma Az.).

5   Address: (ASPC-Yuma Complex).

6   Defendant #14: Doctor Sheets, (ABC/XYZ-Corp.).

7   Title: Doctor for ASPC-Yuma Complex in Az.

8   Address: (ASPC-Yuma Complex Arizona).

9   Defendant #15: Doctor Paulie, (ABC/XYZ-Corp.).

10  Title: Doctor/Dentis (A.O.O.C.) ASPC-Tucson, Az.

11  Address: (ASPC-Tucson, Arizona).

12  Defendant #16: Doctor Ronald G. Quintia, DDS (ABC/XYZ-

13  -Corp.). Title: Oral and Maxillofacial Surgen.

14  Address: 6369 E. Tangue Verde, Suite 230, Tucson, Az,

15  zip code - 85715, Phone # (520)-290-6800.

16  Defendant #17: Doctor white, (ABC/XYZ-Corp.).

17  Title: Medical Doctor ASPC-Tucson/santa-Rita-Unit.

18  Address: (ASPC-Tucson Complex, Az) unknown.

19  Defendant 18: Dennis G. Chenail, (ABC/XYZ-corp.).

20  Title: /ASPC-Tucson Complex, FHA medical Dept.

21  Address: (ASPC-Tucson Complex, Az) unknown.

22  Defendant #19: Any/And/All: John and Jane Doe's

23  unnamed herein, that were involved with this case working

24  for (A.O.O.C.) or contracted by (A.O.O.C.) or any medical

25  Dept. in or out of State (ABC/XYZ-Corp.) Any/and-

26  -all Black and white Entitie A-Z.

27

28                    (2-B)

29

## II. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331.  (*If you wish to assert jurisdiction under additional statutes, you may fill in the title and section below.*)

_42_ U.S.C. § _1871_

_42_ U.S.C. § _1997(e)_

_18_ USC § _1915(d)(e)(1)_

### III. BASIS FOR CLAIMS

Check any Applicable Item(s):

✓  Complaint Under the Civil Rights Act, **42 U.S.C. § 1983** (state, county, or municipal defendants) _violation(s) of 1st, 8th, 14th Amend. U.S. Const._

_____  Complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, **403 U.S. 388 (1971)** (federal defendants)

✓  Other (cite statute, if known) _A.R.S. §§ 12-2602(a)(b); 41-1609(b)(e)_
_A.R.S. § 41-1602(2)(B); § 41-1604.01_

### IV. CLAIMS

**BRIEFLY** state the background of your case.

for the mistreatment and denial and conseal medical treatment or care of serious dental needs for broken jaw bones, with continues serious migrain pains daily "migrain head acks when eating or talking, denial of proper pain management. Serious threat concerning illegal transportation of plaintiff to (n.c.c.f.) complex in New Castle Indiana, in Henery County, which caused a pint and threat and safety issue and to include foot injury and broken jaw injury, good health - issue(s) to follow after riot. The failure of Geo-Group and CMS - medical at (n.c.c.f.) consealing medical records to (a.d.o.c.) about plaintiff's broken jaw injury, once plaintiff was transported back to Arizona Prison System has caused hardship on plaintiff and a denial of proper medical treatment (timely). Plaintiff submits, that he believes both (n.c.c.f.) and (a.d.o.c.) conspired to conseal this injury together: continued on page 3A...

3

1. The failure by (n.c.c.f.) +(A.D.O.C.) to provide timely and reasonable prompt
2. medical attention to repair broken Jaw bone, including failure to provide
3. proper daily pain management for daily migrains (caused by not doing
4. corrective surgery timely) to fix broken Jaw bones, has created the
5. irreparable disfigurement to Jaw bone / Jaw line / Bite (failure to
6. provide adequate follow-up care) - "timely" even after doctor ordered
7. treatment has caused complication with migrain and eating and
8. chewing and talking, during daily activities some times creates
9. dizzy spells. the failure of (n.c.c.f.) administrations movement
10. officer and cms medical to make sure plaintiff was moved to
11. "lower-level housing" and to "lower level bunk" when doctor had
12. ordered this to be done (or move plaintiff to infurmery) when
13. doctor prescribed narcotics for "foot-surgery" has caused the "fall-
14. -down the-steps in housing unit" and "fractured and broke Jaw
15. bones which is now completely "irreparable-disfigurement." All
16. defendants in this action are vicariously liable for either doning
17. corrective surgery, timely follow-up care- timely and continues-
18. pain management and for Consealing injury all together or there
19. own misconduct while consealing medical injury. where they "all"
20. acted as if this "broken Jaw injury" is not a serious injury and
21. like it never happened. (original time frame to repair broken Jaw bones
22. is 10 week window). To include failure to provide implants to stablize
23. the Jaw line / bite and migrains. All defendants had part in
24. violating plaintiff's 1st, 8th and 14th Amend. U.S. Const. rights
25. while acting under color of state law in their official and individual
26. capacities. (ABC/XYZ, corp.), as relatreation, to plaintiff's medical
27. concerns.
28.

**Claim I:** (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

Since 3/18/2002, plaintiff has been in the control and the custody of the Arizona Department of Corrections. In March of 2006, the state of Indiana and State of Arizona (A.D.O.C.) entered into a Contract signed By: Dr. Dora schrica and — (See 4-A)

**Claim II:** I am making a claim against, Superintendent, Jeffery Wrigley and GEO-Group-Inc (ABC/xyz-corp.) Jointly and in their offical capacity (under color of state law) and in their individual capacity, for Compensatory and punitive (See 4-O)

**Claim III:** I am making a claim against (CMS) Correctional medical Services, Doctor Eli lorenzo, Doctor John Doe at wishard hospital, wishard hospital and Tammy schroeder, Cms medical monitor for Arizona inmates at (N.C.C.F.), ADW wanger, Arizona monitor-(See 4E)

## V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

    ✓ Yes ____ No.

If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a.  Parties to previous lawsuit:

   Plaintiff(s): Thomas M. James / ADC #98106

   Defendant(s): See all Defendants at: pg#1- (C1-A); pg#2-2A-2B.

   b.  Name and location of court and docket number Tucson, AZ. / CV-08-580-TUC-JMR.

4

1  — J. David Donahue. In April of 2006, plaintiff was housed
2  by (A.D.O.C.) in Douglas Arizona - Complex and was at :
3  "gun-point" relocated to (N.C.C.F.) complex in New
4  Castle IN, with out plaintiff's concent. Plaintiff is
5  making a claim against Dora Schrino, Director (A.D.O.C.)
6  (ABC/XYZ-Corp.) for the denial and hindering of proper
7  medical care and illegal transportation of: Thomas m.
8  James/98106, to (N.C.C.F.) in New Castle IN, and her full
9  knowledge and contentions concerning legal requirements
10 to legally move (A.D.O.C.) inmates to (N.C.C.F.) and therefore
11 consistent with public fraud. Dora Schrino committed
12 denial/hindering of medical care (mistreatment) to the
13 plaintiff, also involving failure to provide proper
14 follow up care of broken jaw bone and is vicariously
15 liable for the actions of or comformed by or as is
16 contributed to irrepairable disfigurment of jaw bone,
17 for diliberate indifference, general and gross negligence
18 and intentional and negligent infliction of psychical
19 perment disfigurement and emotional duress, abuse
20 of her power of authority in violation of state and
21 federal laws and statutes and Constitution(s). Because
22 Director Schrino's contentions and requirements to move
23 Arizona inmates to (N.C.C.F.) are consistent with fraud
24 on the public, she therefore created the threat and
25 mistreatment to plaintiff's safety, his life, because
26 of those agreements and actions. Dora Schrino's reasons
27 and arguments to justify the transport of Arizona -
28 inmates to (N.C.C.F.) complex must fail, as is supported →
29 (4-A)

1  - State and Federal Articals / laws as is raised in plaintiff's Motion For-
2  -to transport, filed in Arizona Superior Court in Pima County, Az. which is
3  attached as Exhibit. See also legislative appropriation in 2002-2003 -
4  (Arizona legislation) that accomodates the existing of out of state transfer
5  of inmates to (n.c.c.f.) Indiana, see A.R.S. §41-1609(b)(e), that allows (A.D.O.C.)
6  to contract with out of state facility's for overcrouding of Arizona prison
7  inmates and facts surrounding Arizona Judiciary does not have authority
8  to usurp the functions of executive branch, which implies that Arizona
9  Superior Courts do not have jurisdiction or authority to correct illegally
10  imposed sentences by state agency, namely (A.D.O.C.), in Arizona Courts,
11  while inmates are located out of state. Plaintiff submits that the
12  Arizona Judiciary does not have authority to usurp the function
13  of the executive branch. These facts / evidenced - are the Arizona
14  legislature's ploy to orchestrated to fool the public (See laws 2002-
15  5th SS: ch. 2 § 5, Arizona legislature) is a disguise to allow every one
16  in Indiana and Arizona (the Public) that (A.D.O.C.) Dr. Dora Schriro,
17  Director, was empowered to legally transfer Arizona inmates to Indiana
18  (n.c.c.f.) complex, a - non-member western interstate compact -
19  -state, is in violation of the 1st, 8th and 14th Amend. U.S. Const.
20  as well as for violations of state and federal laws and prison
21  policy's. As a result of the illegal and deceitful behavior by
22  Dr. Dora Schriro, (A.D.O.C.) Director, over a million dollars in
23  damages were substained by the Indiana (D.O.C.) in th. 4/24/2007
24  riot that occurred, the riot it self threatened plaintiff's safety
25  and life, as he was not part of riot, but was treated as if he
26  was. Plaintiff was never ticketed- for riot. Because plaintiff
27  was illegally relocated to (n.c.c.f.) Indiana, "at gun-point", this
28  contributed to mistreatment of broken jaw bone, along with the

Page 4 of B page(s)

1. past riot, (4/24/2007) GEO-Group officers and CMS medical
2. staff members were angery with Arizona inmates and from time
3. of riot to the time Arizona inmates left (n.c.c.f.) they were pre-
4. -judiced by GEO-Group and CMS (n.c.c.f.), this to contributed to
5. mistreatment of plaintiff broken Jaw injury, which claim(s) ARE
6. valid concerning serious injury, deliberate indifference in violation
7. of 1st, 8th and 14th Amed. U.S. Const. The failure of adequate
8. administrative remedies (consealing injury) has hindered proper
9. medical treatment, pain management in plaintiff's recovery, which
10. has contributed to broken Jaw bone-disfigurment today. Dora schrira
11. is vicariously liable for all actions mentioned above (claims are
12. for compensatory and punitive, special damages) and has contributed
13. to cause them directly or indirectly in her offical capacity -
14. (under color of state law) and in her individual capacity. -
15. (ABC/XYZ, corp.).
16.
17. 4-C; Claim II: continuing from pg. 4:
18.
19. -special damages while plaintiff was located at (n.c.c.f.) IN-, contracted to
20. GEO-Group-Inc. with (A.D.O.C.) and (n.c.c.f.). To clarify this claim, plaintiff is
21. suing GEO-Group-Inc. (n.c.c.f.), superintendent Jeffery Wrigley, while under
22. his watch for compensatory and punitive damages, for the denial of
23. timely prompt medical care, consealing medical records, which the
24. defendants are vicariously liable for those actions and have contributed
25. to disfigurement of broken Jaw bone, migrain pains and/any future -
26. medical complications, because they acted, deliberate indifferent -
27. manner and general and gross negligence and intentional and
28. negligent infliction of psychical permanent disfigurement of

1  broken Jaw bone, including emotional distress/duress, abuse of
2  authority and power in violation of 1st, 8th and 14th Amend. U.S.
3  Const., state and federal laws/statutes/prison policy's creating
4  violations consistent with all said herein, to include follow-up
5  care. The broken Jaw injury by falling down steps while on a
6  narcotic has created "special damages" for past and present
7  and future medical costs, loss of wages, loss of full ability to
8  use of Jaw and normal function with daily activities;
9  pain and suffering daily with migrains, all legal fee's,
10  humiliation which now has caused impairable disfigurment,
11  to Jaw bone, Jaw line (bite) with daily migrains every time
12  plaintiff eats a meal or food or talks, or no real sleep with
13  out pain management. Due to (n.c.c.f.) GEO-Group/cms med.
14  and (A.D.O.C) medical Dpt. Moving plaintiff 7 times to
15  different Complex Units to hinder grivance process and so
16  administration can conceal serious medical problem by
17  stating my "Jaw is only fractured" when its not connect-
18  -ted in Jaw Joint and broken in three or more places is
19  a deliberate indifference supporting relatiation Claim.
20  As of today, all mentioned above as provided in the record
21  of the case has humiliated/stressed-out plaintiff because
22  today no medical special needs are being met. In May/2009
23  plaintiff was relocated as relatiation to the "Hole" (DDU) at
24  ASPC-Yuma, Az., Yuma property officer kept all property and
25  legal property, searching all legal property without plaintiff
26  present, keeping legal documents (part of medical complaint),
27  files that plaintiff had for support when ASPC-Yuma officers
28  moved plaintiff to - ASPC-Lewis -
29                        (4-D)

1   to Barcher Unit-(G.P.) Yard in dorm (2-F-22) he finally received his
2   personal property and legal property with no receipt. Plaintiff was on a
3   medical Yard - ASPC-Tucson-Santa-Rita-Unit, where they have two-
4   man-Rooms / quite for medical special needs, with the Yard to
5   go out to, if inmate wants to, when rec- is offered / Yard-time.
6   Plaintiff submits he should have never been moved from ASPC-
7   -Tucson, Santa-Rita-Unit. All moves are an act of retaliation by -
8   (A.D.O.C.) per- (N.C.C.F.) Geo Groups actions prior to and when moved
9   back to Arizona prison system. Because Geo-Group/Jeffery Wrigley failed
10  to provide proper medical treatment and concealed this misconduct
11  of not doing corrective surgery within 10 week window; They — are
12  vicariously liable for these actions and have contributed to cause
13  them to be directly or indirectly liable in their offical capacity
14  (under color of state law), and in their individual capacity. -
15  (ABC/XYZ, Corp.), in violation of the 1st, 8th and 14th Amend. U.S.
16  Const., Plaintiff did not waive any steps or time to (N.C.C.F.) or
17  (A.D.O.C.) grivance procsses. Plaintiff demands a Jury trial.
18
19  4-E: Claim III: Continuing from page 4:
20
21  - For the denial of timely medical treatment (mistreatment in delay)
22  diliberate indifference, general and gross negligence, intentional and
23  negligent infliction of psychial permanent disfigurement to Jaw
24  bone, emotional distress/duress, abuse of power and authority, for
25  failure to provide corrective surgery to serious injury (s) in
26  violation of the 1st, 8th, and 14th Amend. U.S. Const. state
27  and Federal Rules and laws / statutes / prison policy's. Specifically,
28  all defendants mentioned are being sued for special damages,

1. Plaintiff is suing (cms) medical Dept. at (n.c.c.f.) jointly with
2. GEO Group, Jeffery Wrigles, Dr. Eli lorenza, for failing to provide
3. proper timely medical treatmeat in conjunction with Dr. John Doe
4. at Wishard hospital and Wishard Hospital individually for failing
5. to provide proper diagnosis, not doing Corrective surgery within
6. (10 week window) to fix broken Jaw bone, and for misconduct of
7. all parties mentioned for consealing medical records / m.R.I. when
8. (GEO Group) transported plaintiff back to Arizona prison System.
9. This claim includes, ADW Wagner, Arizona monitor for Arizona—
10. —inmates at (n.c.c.f.) while plaintiff was their. The broken Jaw
11. bone injury casued by falling down the steps in housing unit while
12. plaintiff was on narcotic has created Specail damages, irreparable,
13. disfigurement, applies to any future and past medical costs, loss of
14. wages, legal fee's, pain and suffering daily migrains, emotional—
15. distress / duress, humiliation — for daily migrains every time the
16. plaintiff eats his meals (food), and possible lock-Jaw condition
17. T.M.J. to occurr, if minor surgery is not done to stabilize the
18. Jaw line. Those defendants mentioned are vicariously liable for not
19. proforming Corrective surgery and/or consealing injury in violation of
20. 1st, 8th and 14th Amend. U.S. Const. doing proper follow-up care—
21. —timely. All defendants are liable for those actions mentioned
22. either directly or indirectly in their offical capacity (under—
23. —color of state law) and in their individual capacity. (ABC/XYZ,—
24. —corp.). Plaintiff did not waive any steps or time of the (n.c.c.f.)
25. Indiana or Arizona (A.o.c.c.) grivance process. Plaintiff demands
26. a jury trial in this matter.

| | |
|---|---|
| 1 | 4-G: Claim IV: Continuing From 4-F. |
| 2 | |
| 3 | I am making a claim, Jointly against C.O. IV stewing |
| 4 | and C.O. III MaCarthor, Staff members at (ASPC-Yuma) |
| 5 | complex for the denial and Concealing / hindering |
| 6 | of plaintiff medical condition, based on their deliberate |
| 7 | indifference, general and gross negligence and intentional |
| 8 | and negligent infliction of psychial permanet dis- |
| 9 | -figurement and emotional duress, abuse of authority |
| 10 | and powers given to them for the failure to properly |
| 11 | and adequately reveal (research) investigate into |
| 12 | plaintiff's medical condition. Specifically, C.O. IV |
| 13 | stewing is being sued for failing to dismiss or |
| 14 | request disciplinary officer to dismiss "false infor- |
| 15 | -mation ticket" he gave plaintiff concerning his |
| 16 | medical condition once "stewing" found-out |
| 17 | plaintiff did not give false information about medical |
| 18 | condition. Instead, C.O IV stewing concealed this |
| 19 | information that plaintiff has's medical condition. |
| 20 | C.O III MaCarthor is being Sued for Concealing and |
| 21 | purposely humiliating plaintiff about his medical |
| 22 | condition. Specifically, Once Dr. Sheets found out that |
| 23 | medical condition existed, C.O. III MaCarthor ignored |
| 24 | this, and moved plaintiff to C.P.C.F. Hinton OK., |
| 25 | Prison System, to rid them of plaintiff's grevance |
| 26 | process and complaints about not receiving proper |
| 27 | medical care or future minor sugery, as relatiation. |
| 28 | |
| 29 | (4-G) |

1  These defendants are vicariously liable for conseoling medical
2  care (mistreatment) not providing timely treatment and follow-up
3  care, pain management and defendants basicly conseoled plaintiffs
4  condition and diseupling (plaintiff) for giving false information about
5  broken Jaw injury, where these defendants together aranged and
6  moved plaintiff as "retaliation to medical grivence complaints" to
7  C.P.C.F. Hinton Oklahoma prison to further humiliate him. C.O. III
8  MaCsther and C.O. III Stevuing actions created Special damages,
9  for past and present medical costs, loss of wages, legal fee's, mainly
10  pain management and unnecessary suffering daily, emotional dimess
11  and distress (humiliation), to permanent difigurement to existing
12  broken Jaw bone, disfigurement (daily migrains every time plaintiff
13  eats a meal (food), possible chance of lock-Jaw occurring - T.M.J.,
14  setting in, ("Because (n.c.c.F.)(cms) wishard hospital(A.D.O.C.) never had
15  planed to do any surgery to correct plaintiffs broken Jaw in the be-
16  -ginning by conseoling medical condition") has contributed to
17  medical condition today, where defendants are liable for all
18  actions directly or indirectly in their offical capacity (under-
19  -color of state law) and in their individual capacity. (ABC/XYZ Corp.)
20  in violation of the 1st, 8th, and 14th Amend. U.S. Const.. Plaintiff
21  did not waive any steps or time to (n.c.c.F.) Indiana or (A.D.O.C.)
22  Arizona grivance process. Plaintiff demands a Jury trial.
23
24
25
26
27
28

4-I: CLAIM IV: _Continuing from 4-A:_

1. I am making a Claim against, Terry Allred-FHA, medical
2. administration personnel at ASPC-Yuma Aurora Complex, and
3. Doctor Sheets, Doctor at ASPC-Yuma-Arizona Dakota Unit for the
4. hindering/concealing plaintiff's medical condition and failure
5. to provide follow-up care (special-needs) pain management,
6. provide medical hold, and make medical request to be moved
7. transported by (A.D.O.C.) to medical facility. Plaintiff is suing
8. both mentioned defendants, jointly with C.O.III MaCather and
9. C.O.IV Steuwing for working "together" to conceal medical-
10. condition, not provide proper medical care, and provide a ticket
11. to plaintiff for giving "false information" about his broken jaw.
12. The ticket is still on plaintiff's record in his AIMS file at
13. (A.D.O.C.) administration. Their is no policy provided to grieve
14. this issue and plaintiff appealed the ticket and was never
15. answered by Capt. at ASPC-Yuma. In fact the record at (A.D.O.C.)
16. AIM file reveals the ticket was never appealed. Plaintiff has the
17. reciept to appeal and will disclose it in do corso. These 4
18. -defendants are vicariously liable for concealing medical
19. condition with (CMS) (N.C.C.F.), wishard hospital, so the
20. (A.D.O.C.) could claim they could not provide proper timely
21. follow-up care/pain management - so (A.D.O.C.) basicly had
22. disciplened plaintiff and moved him to G.P.C.F. Hinton
23. OK. prison for grivance's file about medical neglect. All
24. actions mentioned by these defendants are recorded and
25. in (A.D.O.C.) medical files/movement files/disciplinary-
26. -file at (A.O.O.C.) AIMS Computer file under, Thomas M.
27. James/ADC #98106. Plaintiff Submits "every defendant
28. new of plaintiff's medical condition before he was —

(4-I)

1  -relocated back to Arizona from Indiana, and or should

2  have been notified about injury. The evidence to support

3  this would be found in Terry Shroeder's files on plaintiff

4  while at (h.c.c.f.) complex. See also Dr. Sheets notes/reports

5  and comments on injury (broken Jaw bone) while plaintiff

6  was at ASPC-Yuma-Dakota-Unit. Ms. Shroeder is being sued

7  jointly with 4 defendants in Claim IV and Claim V based

8  on 1st Amend. U.S. Const. violation(s) concerning deliberate

9  indifference to plaintiff's serious medical needs that

10  she in conjunction with general and gross negligence and

11  intentional and negligent infliction of psychical permanet

12  disfigurement to broken Jaw bone(s), emotional distress-

13  dedness and abuse of power/authority given to them by

14  (A.D.O.C.)/ GEO-Group-Inc/ CMS medical Dept. (State of Indiana)

15  which parties failed to reveal plaintiff's medical condition

16  timely; specifically, revealing medical files (M.R.I.) about

17  seriousness of injury and possible lock Jaw occurring —

18  known as T.M.J. to set in. Once Terry Allred and Dr. Sheets

19  found out about plaintiff's serious medical condition, that

20  it existed, they should have alerted C.O. III McCaffer/C.O. IV Stevning

21  and Central office (A.D.O.C.) medical Dept. This didn't happen? They

22  acted as if this serious condition didn't exist. During a visit

23  with Dr. Sheets, Dr. told plaintiff "he will put in a request for

24  medical hold and send plaintiff to medical unit." This didn't —

25  happen. Plaintiff was then purposely sent to out of State Complex

26  C.P.C.F. Hinton Oklahoma Complex prison. Doctor's in Hinton OK.

27  complex told plaintiff "he should have never been moved here".

28  All defendants in claim IV and V are vicariously —

29  (4-J)

U-K: Claim VI : Continuing From pg. 4-J.

1    -liable for concealing plaintiff's medical condition, records, when
2    this was known by them to exist. ASPC-Yuma "staff" members, together
3    with (ADOC) central office medical administration, "worked together" to
4    "retaleate" against plaintiff by moving him to Hinton Oklahoma -
5    prison to continue to conceal medical condition and humiliate
6    plaintiff for filing medical grivance's, complaints in this matter
7    to medical Dept. pursuant to 1st Amend. U.S. Const. violations. These
8    defendants mentioned in this Claim acted in conjunction to noted
9    (A.D.O.C.) orders filed (records) in AIMS file, ignoring plaintiff's real
10   medical concerns and created special damages for past and future
11   medical costs, loss of wages, all legal fee's, pain management, unnecessary
12   suffering daily and emotional distress, suffering daily migrains every
13   time plaintiff eats, humiliation based on: "Because of this injury,
14   (Broken Jaw bone) daily activities are limited and humiliation for
15   (n.c.c.f.)(A.D.O.C.) concealing / hindering medical condition / timely follow-up
16   treatment to irreparrable (Broken Jaw bone) - disfigurement, possible
17   chance of returning "lock-Jaw-T.M.J." has contributed to this
18   medical condition today. These defendants are liable for all actions,
19   either directly or indirectly in their official capacity (under color of State
20   -law) and in their individual capacity in violation of: 1st, 8th and 14th
21   Amend. U.S. Const., (ABC/XYZ, corp.). Plaintiff did not waive any steps or time
22   to Indiana (n.c.c.f.) or Arizona (A.D.O.C.) grivance process. Plaintiff demands
23   a Jury trial in this matter.
24   Claim VI :
25   I am making a claim against, Dennis G. Chenail-FHA; Dr. White (A.D.O.C.); Dr.
26   Paulie (ADOC); at ASPC-Tucson complex. Also, Dr. Ronald G. Quintia, DDS -
27   -(specilist)-office in Tucson, Az. Dr. Quintia is under Contract with
28   (A.D.O.C.) central office, Medical Dept. in Phx. Az. : for their actions in -

(4-K)

1  -conjuction to denial and all parties concealing/hindering
2  medical files/records about plaintiff's serious medical
3  condition, denial of proper timely medical treatment -
4  "follow-up-care" and minor surgery (snap-in-dentures)
5  to stabilize the Jaw-line and bite, to provide pain -
6  -management for daily migrains after eating or moving
7  Jaw. Due to ASPC-Tucson's medical Dept. not fulfilling
8  special needs - as they were starting to provide Treatment,
9  they stopped providing treatment, then plaintiff filed
10 Complaints to administration (medical Dept.). Due to plaintiff's
11 complaints, central office (A.D.O.C.) retaleated by moving
12 plaintiff to the "Hole" in ASPC-Yuma (ODU) Dakota-Unit, -
13 without providing any medical relief at Tucson-Unit -
14 and at Yuma-Unit. Prior to this retaleation move,
15 Plaintiff seen Dr. Quintia (specialist) at his office, per-
16 the order of central office - Via- ok- Hinton Doctor's-
17 Request. Specifically, Dr. Quintia took M.R.I. and made
18 his full diagnosis to plaintiff's condition and medical needs.
19 Dr. Quintia's M.R.I. is the Second M.R.I. taken. The first one
20 was taken at Wishard Hospital. Plaintiff's M.R.I. Reveals that
21 his left mandabell (Jaw bone) is broken in many places and
22 bone itself is not in Jaw Joint, and madabell is pushing
23 up towards plaintiff's skull by left ear. Plaintiff submits
24 he feels it moving up- "a little bit at a time" creating
25 migrains that are unbearable with out pain medication.
26 Plaintiff has suffered many times those pains without
27 medication to relieve the pounding migrain ack.
28 See also Dr. Emmen's file at 'ASPC-Tucson/medical Dept..
29              (4-L)

IV. Claim II continuing from 4-L

1. Upon Dr. Quintia's diagnosis of: plaintiff's medical condition,
2. (broken Jaw bone), his review of M.R.I. with plaintiff present in his
3. office, Dr. Quintia stated, "He did not understand why a surgery
4. was not done within the "10-week-Time-window" to do surgery"?
5. Plaintiff told Dr. Quintia, (cms) (n.c.c.f.) and Dr. Eli Lorenzo, ignored
6. five H&R requests to medical, then finally, Dr. Lorenzo, seen
7. plaintiff on 12/27/07 H&R request after fracture "broke"
8. Jaw bone after plaintiff was eating on: 12/25/07." Dr. Quintia
9. explained to plaintiff, "a surgery should have been done at
10. that time", and now it would not be good idea to do surgery
11. because it will cause complications because mandaboll is dis-
12. connected from Jaw Joint causing nerve damage. Dr. Quintina
13. explained further that plaintiff will experience migrains when
14. eating/mowing Jaw for rest of his life. This injury is basiclly
15. irreparable. Plaintiff requested to Dr. Quintia to do minor
16. surgery, "to pull all bottom teeth, put in permanent studs -
17. implants in bottom Jaw line and snap-in dentures in top gums.
18. This would be done to stabilize Jaw to stop any future-lock
19. Jaw (T.M.J.) from occurring. Dr. Peulie was also notified about
20. all of plaintiff's requests and she reviewed Dr. Quintia's reports
21. files, diagnosis in this matter. Both Dr. Peulie and Dr. Quintia
22. prescribed pain management of: Tramadol pill and Ibu's for
23. pain. A medical hold was filed to keep plaintiff at medical unit.
24. Upon a visit with Dr. Quintia and Dr. Peulie, plaintiff was notified,
25. central office (A.D.O.C.) denied implants (snap-in-dentures) minor
26. surgery, but the tramadol medication prescribed for
27. pain was approved for only one week at a time. The
28. Tramadol was only prescribed Three, times for three weeks.
29. (4-M)

1  Also I was notified that "only" regular dentures will be
2  provided for top gums. The top dentures do not fit in
3  correctly and plaintiff can not use them to eat with.
4  Pain management prescribed by Dr. Paulie and Dr. Quintia
5  was stopped (Tramodal) and plaintiff was given supplemental
6  pain relief, acetamin/ASA/CAFF-TB which create diarea
7  and bleeding when taken by plaintiff, do to "311" the
8  pills he needs to take to releave his pain, plus this
9  medication is not effective for the pain/migrains and
10  plaintiff complained about this and finally greived the
11  issue all the way up to control office. Why would medical
12  give 'Tylonle to plaintiff when he has "Hep-c", is
13  unknown to plaintiff to this day(?) ASPC-Lewis-medical
14  was also notified about not prescribing acetamin/ASA/
15  CAFF-TB to plaintiff, when he visited with Dentis. The
16  Dentis (name unknown) ignored plaintiff request for?
17  Tramadol and/or Ibu's and prescribed: Acetamin for pain.
18  Plaintiff alerted medical about receiving different-
19  pain-pills, but has been ignored and still to date has not
20  seen medical provider upon plaintiff's H+R request(s).
21  Dr. White at: ASPC-Tucson Complex Santa-Rita-Unit also
22  denied special needs requests, "Limited duty," after -
23  (A.D.O.C.) wipp-office gave plaintiff a Job, that he did
24  not show up to, and refused to provide pain management
25  for plaintiff, stating "Central office" "told me not to
26  prescribed any medication", to plaintiff". Plaintiff
27  greived all complaints to Dennis G. Chenal-FHA at
28  ASPC-Tucson, medical administration and plaintiff was
29              (4-N)

4-0: Claim VI: Continuing Group 4

1  — denied any relief and was moved, as noted earlier as
2  "retaleation, to ASPC-Yuma Complex". These defendants are vicariously
3  liable for failing to continue proper medication (—
4  —tramodal) for plaintiff's pain management. They all
5  aranged together with central office to deny any real
6  medical relief, per central office's (A.D.O.C.) orders.
7  Also defendants together with (A.D.O.C.) central office, has
8  retaleated by relocating plaintiff and not providing
9  any relief as of today, which has humiliated plaintiff
10  further. These actions mentioned by all defendants have
11  created special damages for past and future medical —
12  costs, loss of wages, legal fee's, mainly pain management
13  and contributed to unnecessary suffering daily, emotional
14  distress, humiliation by hindering medical follow-up
15  care to now perment existing disfigurement to Jaw
16  bone, mainly daily migrains every time plaintiff eats
17  his meals or moves Jaw (mouth), possible (lock Jaw—
18  occurring as: T.M.J.), do to (A.D.O.C.) (N.C.C.F.) never
19  planed to do "any" type of surgery to correct
20  plaintiff's condition from day one has contributed to
21  plaintiff's medical condition today; These defendants,
22  Jointly with "ADOC-central office-medical Dept" are liable
23  for all actions herein, either directly or indirectly in
24  their offical capacity (under color of state law) and in
25  their individual capacity, (ABC/xyz corp), in violation to
26  1st,8th — 2nd 14th Amend. U.S. Const. Plaintiff did not waive
27  any step or steps or time to the Indiana (n.c.c.f.)(doc) or Az.
28  (A.D.O.C.) grievance process. Plaintiff demands a Jury Trial.
29  (4-0)

1  I am making a claim against GEO-Group-Inc.(n.ee F.); and
2  Jeffrey Wrigles, superintendent (n.e.c.F.); (CMS)(n.e.e.F.) ; and
3  Dr. Eli Lorenzo, (n.c.c.F.); Tammy Shroeder, (A.o.o.c.) medical
4  monitor (n.c.c.F.); AOW Wagner (A.o.o.c.) Arizona inmate monitor
5  st (n.e.c.F.)-(ABC/XYZ, corp.) jointly in their offical capacity
6  (under color of state law) and in their individual capacity
7  for compensatory and punitive speical damages, while plaintiff
8  was located at (n.c.c.F.) complex in New Castle Indiana. To Clarify
9  this claim, plantiff is suing GEO-Group-Inc and Cms (n.c.c.F.)
10  for compensatory actions, naming Jeffrey wrigles, as main
11  party and suing Jeffrey Wrigles for punitive (speical damages)
12  for failing to provide lower-level-bunk on lower-level in housing
13  unit and/or providing infirmary for plaintiff after foot surgery.
14  Furthermore, the foot surgery would have not been necessary
15  if Dr. Eli Lorenzo, and Tommy Shroeder - and AOW Wagner,
16  followed policy and <u>since</u> they could not provide Doctor or
17  specialist to "pull-out" ingrown toenail, then provide the
18  plaintiff with transportation to nearest hospital to remove
19  toe nail before "<u>staph-infect set in</u>". When the plaintiff was
20  seen by (CMS) and Dr. Lorenzo about ingrown toenail, their
21  was no infection on the toe. Plaintiff was denied proper -
22  timely medical care (mistreatment) and had to wait <u>34</u>
23  days before "<u>part of the toenail</u>" was removed, which this
24  injury caused the "<u>broken Jaw injury</u>" by not putting the
25  plaintiff in the infirmery to recover while on a narcotic.
26  Plaintiff was forced to hop every were and to med-line to
27  receive his narcotic; Plaintiff fell down the steps in his
28  housing unit while coming home from mid-night med-line-
29  (4-P)

1  - pick-up. This claim involves John and Jane Doe's (names - unknown)
2  - unknown) that will be disclosed in do course. All these
3  defendants are vicariously liable for all these actions -
4  mentioned and have contributed to "Broken Jaw bone"
5  and are violations concerning deliberate indifference, general
6  and gross negligence and intentional and negligent infliction
7  of psychical permanent disfigurement, emotional duress,
8  abuse of power and authority, in violation of the 8th and
9  14th Amend. U.S. Const., state and federal laws and statutes,
10  creating new injury and failure of proper follow-up care.
11  Because GEO Group-Inc. / CMS (N.C.C.F.) / Tammy Shroeder / Doctor
12  Lorenzo (Both (N.C.C.F.) and ADW Wagner and superintendent
13  J. Wrigles (N.C.C.F.), failed to provide proper and timely medical
14  treatment to ingrown toenail, they are vicariously liable for
15  these injuries either directly or indirectly in their offical-
16  capacity (under color of state law) and in their individual
17  capacity, (ABC/XYZ, corp.). Plaintiff did not waive any step or
18  steps or time in the Indiana (N.C.C.F.) (O.D.C.) or Arizona
19  (A.D.O.C.) grievance process. Plaintiff demands a Jury trial.
20  Footnote:
21  Since plaintiff has been relocated to ASPC-Lewis, Barchey unit in
22  Buckeye Az., he has had to "Bum" Ibu's from other inmate,
23  because medical Dept. has failed to answer "call the plaintiff to
24  see Dr. for pain management" all H+R's medical requests attached.
25  This has created a hardship on plaintiff because he can not
26  shop at prison store, due to all the money he owes (A.D.O.C.)
27  for legal indigent fee's, see application for deferral, inmate -
28  trust account attached thereto. $2,727.99 in the red...
29                          ( 4-Q )

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?) _Dismissed without prejudice, see attached orders._

d. Issues raised: _Issue(s), Claims Amended_

e. Approximate date of filing lawsuit: _10/27/08_

f. Approximate date of disposition: _11/7/08_

2. I have previously exhausted available administrative remedies regarding the events or acts complained of in Part II of this complaint. ___✓___ Yes _____ No

If your answer is "Yes", briefly describe how relief was sought and the result:

_Filed grivances to claims with (n.c.c.f.) at new Castle Facety in IN._
_Also filed grivances with (A.D.O.C.) administration / with Az. Risk_
_management and with Dept. of Insurance Patient compensation fund in IN._
_grivances took almost 2 years to complete, and all grivances were Denied._

## VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28. U.S.C. §1915, please list each civil action or appeal you have brought in any court of the United States while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a. Parties to previous lawsuit: _NONE_

Plaintiff(s):_____

Defendant(s): _____

b. Name and location of court and docket number:_____

c. Grounds for dismissal:

( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition:_____

5

## VII. REQUEST FOR RELIEF

I request the following relief:

1) for general and Special damages on a offical and Individual capacity, per: defendant of: $1,800,000,00 dollars ; 2) for Compensatory and punitive damages on a offical and Individual capacity, per: defendant of: $1,800,000,00 dollars; 3) for Interest and said damages at the rate permitted by law, including prejudgment Interest; and - (See 6-A)

_____        _Thomas M. Jones_____

Original signature of attorney (if any)        **Plaintiff's Original Signature**

Date:_9/18/09_____

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is **true and accurate**.

Executed at _ASPC-Lewis Barchey_ on _9/18/09_____.
            (location)                    (date)

                    _Thomas M. Jones_____
                    **Plaintiff's Original Signature**

Plaintiff demands a trial by jury.   ✓ Yes _____ No

6

'6-A' Request for Relief'

Continuing From page 6:

1. 4) For any/and/all cost(s), legal fee's, filing fee's, ie: legal
2. costs; 5) For such other and further relief as the Court
3. deems just; 6) for denial of proper medical treatment,
4. plaintiff's mistreatment, deliberate indifferences, intentional
5. consealment and infliction of psychial disfigurement, and
6. emotional distress and duress, humiliation thereto in violation
7. of the 1st, 8th and 14th Amend U.S. Const, state and federal laws
8. and statutes (Indiana and Arizona) to include all prison policy's
9. thereto, against each defendant; (ABC/XYZ corp.).
10. 7) The claimant, Thomas M. Janus, ADC# 98106, demands
11. the following additional relief pursuant to all special
12. damages created, for any/and/all medical treatment
13. as: corrective surgery as: studs, implants for snap-in
14. dentures/permanet dentures to stabilize jaw line and bite;
15. all needed physical therapy (follow-up-care); pain -
16. -management for remainder of plaintiff's time in (A.D.O.C.)
17. custody and control; medical specilist care and/any/and
18. all other care/treatment reasonably related to the repair
19. of injury (or injury steming from any surgery preformed
20. by specilist in this matter); or any other unknown injury
21. underlying (still unknown) steming from the original-
22. injury or delay of proper medical care (mistreatment)
23. to broken (disconnected) jaw bone, or jaw joint or skull-
24. bone relating to any fracture or brake unknown or not
25. reported by Doctors as cited herein this document, is
26. imedietely granted.
27.
28.
29. (6-A)

6-B: Continuing From pg: 6-A:
Request For Relief:

8) The claimant, _Thomas M. James / ADC # 98106_, makes a demand in the amount of: _$ 500,000,00_, (Five-hundred-Thousand dollars) for pain and suffering;

9) The claimant, _Thomas M. James / ADC # 98106_, makes a demand in the amount of: _$ 3,000,000,00_, (Three Million dollars), for the permanent disfigurement and loss of full Jaw mobility as cited herein and in medical record (shown in M.R.I.);

10) The claimant does not waive any further relief that he may obtain in a Court of law in future proceedings;

11) The claimant wishes to preserve to Amend this complaint, once all true name's of any / and / all unnamed defendants becomes available, to include any new and/or additional defendants names that become available.

Subscribed and Sworn to Me on: AUGUST 27 , 2009

Janet F Tabor                    10/20/2012
Notary Public;           My Commission Expires:

OFFICIAL SEAL
JANET F. TABOR
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 20, 2012

Submitted This 27 day of August, 2009

Thomas M. James

Thomas M. James / 98106
ASPC-Lewis / Barchey Unit
2-F-22 (Dorm-2)
P.O. Box 3200
Buckeye, Az, 85326

(6-B)