| | | |
|---|---|---|
| 1 | Thomas M. James | United States District Court |
| 2 | ADC # 98106 | District of Indiana |
| 3 | ASPC-Lewis | |
| 4 | Barchey Unit/2-F-22 | Civil Action No: |
| 5 | P.O. Box 3200 | **1:09-cv-1204 WTL-TAB** |
| 6 | Buckeye, Az. 85326 | |
| 7 | | Motion for Pro-Bono Attorney Volunteer |
| 8 | THOMAS M. JAMES, | To Provide legal Services to an |
| 9 | Plaintiff, | Indigent litigant; 18 USC § 1915(d) |
| 10 | V. | (e)(1); Rule 16 (1)(2)(b)(12), Fed. Civil |
| 11 | Sweetin Bleeke, c/ | Rules of Procedure (Arizona Rules) |
| 12 | Coleman, Steveson, c/ | in a 42 USC § 1983 Civil Rights |
| 13 | Montel, for Parties of | Action By a Prisoner In State |
| 14 | Interest in State of IN; | Custody (Arizona State Prison). |
| 15 | Dora Schriro (A.O.O.C.), | |
| 16 | et. al., for real parties of | Hon: Presiding Judge. |
| 17 | Interest in Arizona. | |

    Comes Now, plaintiff, Thomas M. James-98106, and hereby moves this Court by Submitting this Motion Concomitantly with his, 42 USC § 1983 Action, pursuant to 18 USC § 1915(d)(e)(1); Rule 16, Fed Civil Rules of Procedure, by a person (prisoner) in Arizona State Custody. Plaintiff Submits this Motion in good-faith and Notice of appearance to the Court supported by an Memorandum of Points and authorities.

    Submitted This 18th day of Sept. 2009

    Thomas M. James
    Thomas M. James/98106

(1)

# Memorandum

Pursuant to <u>18 USC § 3626</u>; <u>§ 1915(e)(1)</u>; <u>§ 1915(d)</u> and Standards, procedures and restrictions on the payment of attorney's fee's for representing indigent prisoners under PLRA, <u>Title 18 USC 3626</u>, limits and govern's the Court's authority to appoint Special masters to conduct hearing and prepare findings of facts. Plaintiff requests the Court appoint counsel for his civil litigation in federal Court. Plaintiff is indigent and requests the appointment of counsel in accord with Model Rules of Professional Conduct <u>Rule 6.1 (a lawyer should aspire to at least fifty hours of pro-bono publico legal services per year)</u>, which Court authorizes to appoint counsel for an applicant who is or becomes financially unable to afford counsel. See, e.g. <u>D. Md. Loc. R. Reg. 6</u>; <u>E.D.N.Y. Loc. R. app. A</u>; <u>D.D.C. Loc. R. 702.1(a)(2)</u>; <u>E.D. Mo. Loc. R. 38(c)</u>, "providing for a consulting committee to assist volunteer counsel". The right to counsel guaranteed under the 6th Amendment applies only to criminal proceedings. <u>Smith-v-Secretary of N.M. Department of Corrections, 50 F.3d 801, 821 n. 29 (10th Cir. 1995)</u>, <u>1983 claims</u> and Habeas Corpus proceedings are civil in nature, not criminal. <u>Id</u>. (citing <u>Hilton-v--Braunskili, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 -</u>

(2)

-L.Ed 2d. 724 (1987). Therefore, no Constitutional right to counsel exist in these proceedings. However, if the interests of justice so requires, a <u>§1983 applicant</u> that is financially unable to obtain representation may be appointed counsel based on <u>§1915 (PLRA)</u> approaches for providing counsel to indigent prisoners. See <u>Argersinger-v-Hamlin, 407 US 25 (1972)</u>. Whether to appoint counsel is within the District Courts sound discretion and to provide counsel to any particular prisoner is obviously based on a case-by case decision, influenced by PLRA statutory provisions and judicial interpretations of them, "<u>PLRA places restrictions on the payment of attorney's fees for representing indigent prisoners</u>". The language and interpretation of the PLRA does not affect these considerations and procedures, (Right to Counsel) implies that under these circumstances in this case, that Counsel "<u>shall be an aid to willing plaintiff and not an organ of the state interposed between an unwilling plaintiff and his right to defend himself</u>"; and as such, allow the Court to have Counsel act on his behalf, as to promote judicial economy and assist plaintiff with his <u>1983 Action</u>, do to the following reasons: <u>1) Plaintiff is "out of state" and is not familiar with Indiana Rules of Court and Indiana laws; 2) Plaintiff is injured and migrains are getting worse daily as no pain management is being given</u>. Furthermore, the Constitution does not force a lawyer upon a plaintiff. (3) The right to—

assistance of counsel and the correlative right to dispense with Counsels help are not legal formalisms. They rest on considerations that go to the substance of plaintiff's position before the U.S. Constitution and the law. See <u>Brownlee-v-Conine, 957 F.2d 353, 354 (7th Cir. 1992)</u>, "Claim of denial of dental care for a painful condition was not frivolous." See also <u>Fields--v-Gander, 734 F.2d 1313, 1315 (8th Cir. 1984)</u>, "There stated", "three week delay in treatment of a painful condition stated a claim." As in this case, the record reflects plaintiff's painful condition and continuing migrains daily starting when he first fractured, then and/or broken Jaw occurred, which delay by (n.c.c.f.) CMS medical Dept. contributed to irrepairable disfigurement today. Wishard-hospital officals with (A.D.O.C.) administration officals failed to cover the cost of emergency opporation (<u>within 10 week window</u>) to repair broken Jaw bone(s) has contributed to irrepairable disfigurement today. Therefore, clear and convincing evidence supports deliberate indifference in violation of <u>8th and 14th Amend. U.S. Const.</u>, based on original injury provided by M.R.I. photo's. The record also reflects officals retaliation for plaintiff's assertion of his Constitutional right to and also provided by law his obligation to exhaust all administrative remedies. See § 803 PLRA; 42-U.S.C. § 1997(e)(a); see also <u>Carlson-v-Green,-</u>

(4)

-446 U.S. 14 (1980). The retaliation preformed by (n.c.c.f.) and (A.D.O.C.) "staff members" is a multi-level issue based on evidence that will be produced from different Complex Units. As noted, Ultimately, the results, these actions by defendants (named and unnamed) have denied redress and remedy throughout Plaintiff's grivance process, not addressing all Complaints, ignoring issues and medical condition, giving false diagnoses in answers in plaintiff's grivance response's. This case is based on the attempts by plaintiff to resolve his medical condition in the grivance process. § 803 PLAR; 42 USC §1997(a)(e). Moreover, (n.c.c.f.) and (A.D.O.C) failed to answer grivance's timely, do to moving plaintiff to different Complex Units in an attempt to stop plaintiff from exhuasting his administrative remedies. Plaintiff could not presue Tort action do to being prejudiced by (n.c.c.f.) + (A.D.O.C.) administration retaliation actions that have been documented in grivance remedies by defendants. Plaintiff's allegations are supported by documents to be disclosed in due course. Plaintiff, respectfully requests this Court to provide him with appointed attorney to represent him with his §1983 action and grant a pretrial conference, hearing, involving the management of this case, to proced foward.

(5)

See Rule 16(a)(b)(c), Fed. R. Civil Procedure. Also see Johnson-v-Lochant, 941 F.2d 705, 707 (8th Cir. 1991), "Delay in prescribed Surgery could support administration liability". See Brown-v-Coughlin, 758 F. Supp. 876, 889 (S.D. N.Y.-1991), "Commissioner and Superintendent have personal duties to ensure adequate medical services". Plaintiff Submits his retaliation Issue, statement of facts are pursuant to $1^{st}, 8^{th}, 14^{th}$ Amend. U.S. Const., violation(es) and is in support by attachments. Accordingly, plaintiff moves the Court to provide the following relief.

Requested Relief:

1) Issue its order to provide pretrial conference in this matter pursuant to Rul 16 (a)(4), (b)(3)(4)(5)(6)(7)(8), (c)(1)(2)(3)(4)(5)(6)(7)(8)(9)(10)(11)(12)(14)(16), Fed. R. Civil Procedure; and

2) Issue its order :– to appointment of adequate Counsel to represent plaintiff at pretrial hearing, Rule 16(a), to litigate claims; and

3) Issue its order pursuant to Title 42 §1997(e)(f) of U.S. Code, authorizing plaintiff to participate at conference hearing(s) forthwith by telecommunications technology.

(6)

4) Grant any future request of disclosure of plaintiff's Cat-Scan (M.R.I.) from Wishard Hospital and Doctor Quintia in Tucson to establish plaintiff's injury exists and is serious, based on Special damages, time and date, in order for plaintiff to exercise his due process rights that are afforded to him by the 1st, 8th, 14th Amend. U.S. Const. to present this evidence, for Court to view and correct the injustices that were created mainly by GEO-Group-CMS/Prison administration and Doctors at Wishard hospital and at (A.C.C.F.) by not acting on plaintiff's behalf as provided by A.R.S. §§ 41-1602(a)(b); 41-1604.01, in a manner inconsistent with Indiana and Arizona (D.O.C.) Policies and procedures for emergency medical care, the Rules of their professional conduct Indiana and Arizona State and federal laws and the precedent of prior rulings by higher Courts that set the standard for determination of constitutional violations herein (1983 Action) that Correct manifest injustice(s).

5) Issue its order in a timely manner so that petitioner may respond appropriately.

Respectfully Submitted this 18th day of Sept. 2009

Thomas M. James

Thomas M. James
ADC# 98106

(7)