UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

THOMAS M. JAMES,                )
                                )
              Plaintiff,        )
      vs.                       )    1:09-cv-1204-WTL-TAB
                                )
GEO GROUP, INC., et al.,        )
                                )
              Defendants.       )

**Entry Directing Further Proceedings**

For the reasons explained in this Entry, the complaint of Thomas M. James ("James") is rejected and he will be given an opportunity to file an amended complaint.

**I.**

James is in the custody of the Arizona State Department of Corrections. He was formerly confined at the New Castle Correctional Facility, in New Castle, Indiana ("New Castle"). His lengthy and complex complaint in this action is his effort to sue at least 19 defendants for the alleged violation of his rights under both federal and state law during his incarceration at New Castle and upon his transfer back to Arizona.

James' complaint violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals explained that such a nonconforming complaint must be "rejected." "Unrelated claims against different defendants belong in different suits." *Id.* at 607. Instead, Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Rule 18(a) of the *Federal Rules of Civil Procedure* provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

The violation here consists of the diversity of claims against the multitude of defendants–specifically the claims alleged against the Arizona defendants based on events that occurred in Arizona should not be joined with claims against the Indiana defendants based on events that occurred in Indiana. Accordingly, the complaint is "rejected."

## II.

James shall have **through December 10, 2009,** in which to file an amended complaint which does not violate Rule 18. In filing an amended complaint, the plaintiff shall conform to the following guidelines:

(a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ";

(b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances;

(c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and

(d) the amended complaint shall contain a clear statement of the relief which is sought.

## III.

Proceedings other than as specified above are **stayed** until further order.

If an amended complaint is filed as directed in Part II of this Entry, the court will screen it as required by 28 U.S.C. § 1915A. If no amended complaint is filed as directed in Part III of this Entry, the action will be dismissed in its entirety without further notice to the plaintiff.

**IT IS SO ORDERED.**

Date: 11/23/2009

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Thomas M. James
98106
Barchey Unit, 2-F-22
ASDC-LEIS
P.O. Box 3200
Buckeye, AZ 85326