# Memorandum

**Facts:**

**Statement of the Issue:**

Thomas James/98106, in NO: <u>CV-1204-WTL-TAB</u>, filed original <u>42 U.S.C. §1983</u> Claims in Southern District of Indiana, District Court, a Civil Rights Complaint stemming from mistreatment, denial of proper medical care (<u>Surgery</u>) for Serious needs for a broken Jaw-bone - and <u>dental (needs)</u> - that, "<u>Still has not been corrected,</u> and Still <u>creates serious effects daily</u> to plaintiff in migrains every time he (<u>James</u>) eats"; Can Create in time (T.M.J.) - <u>Lock-Jaw</u> and <u>Blood Clot</u>, do to Jaw bone moving upward - <u>Slowly - causing additional pain</u> -; and this Mistreatment - starting in (N.C.C.F.) New Castle Indiana- Continued in (A.D.O.C.) do to (N.C.C.F.) 'GEO Group' and 'C.M.S.', <u>concealed medical records</u> - and caused additional pain and Suffering for, Concealing (<u>Failure</u>) to do Surgery timely and that this Serious condition exists. (See file date and/or dated 1983 (Pro-Se-document) 8/27/09 - Filed on: 9/25/09 (9/28/09-Entered) along with <u>Motion for leave to proceed in forma pauperis</u>, and <u>Motion to Appoint Counsel</u>, and <u>Motion to expand page Count for U.S.C. §1983- Complaint</u>. The Plaintiff "Clearly" explains the series of transactions that have occurred, starting in Indiana and the retaliation claim concerning Indiana's "GEO Group"- "CMS" and-

(2)

—(A.D.O.C.) handling of (James's) medical injury and (mistreatment) by concealing, (James) did not have an injury, and even after finding out the injury existed, they—(A.D.O.C.) acted as if it is not a serious injury. When (James) further complained to (A.D.O.C.) and grieved the medical department about mistreatment, plaintiff was taken from a Medical yard by (A.D.O.C.) to the "Hole" in a different Unit (ODU) in Yuma Az., then placed on a higher-level yard without a write-up - and (A.D.O.C.) still ignoring medical problem exists and will not give proper pain relief for disconnected Jaw-bone that is still moving upward daily. Pursuant to Fed. R. Civ. P. 20(a), plaintiff's 42 USC-§1983 complain, clearly - establishes all the transactions that have occurred, starting in Indiana, and by Indiana (GEO Group (CMS), and that "how Indiana and Arizona Departments" involved "worked together to conceal this mistreatment" so "No one would have to pay for the Surgery" and now so "No one will have to pay compensation" for their mistreatments, and failure's in complaint, that are cited. (See Doc #1). This Court's ruling has now hindered this complaint and has added expenses, to burden plaintiff further to file claims in Arizona that stem from Indiana (GEO Groups (CMS)) mistreatment, charging filing fee, in Indiana and now in Arizona.

Plaintiff requests this Court, enlargement of time, pursuant to Fed. R. Civ. P. 6(b)(1)(A), and according to not violating Rule 18, for the following reasons:

(3)

## Argument:

Pursuant to Fed. R. Civ. P. 6(b)(1), this Court may extend time to plaintiff to file his Amended 1983 petition based on a showing of good-faith reasons. Furthermore, the good-faith standard applies to this court granting relief upon showing of prejudice by plaintiff if this court stands on its order severing defendants in this 1983 action. Plaintiff submits, severing parties supersedes and limits his complaint in 1983 action; Plaintiff agrees that the amendment to 1983 action is necessary according to Fed. R. Civ. P. 10.

Accordingly, plaintiff requests this Court to reconsider its determination in its 11/23/09 ruling severing defendants, pursuant to prejudicing plaintiff case in chief. To sever any claim/defendant in this action will cause a hardship/prejudice to plaintiff for the following reasons:

1) Statute's of limitation on claims will pass and filing claims in Arizona will preclude the claims because of such; and

2) Issue of the case is already briefed as is in one action, and severing claims will create hardship on plaintiff to file claims "out of time frame" and be charged for 1983 action on issues raised; splitting his action in half would cause undue prejudice, based on dilatory motives; (Issues based on: "Indiana and Arizona worked together to conceal injury").

(4)

3) Plaintiff is "injuried" and that is why he requested the Court to grant him pro-bono-attorney to review the case file/medical records/ M.R.I - cat-scan and/any document to be provided to show plaintiff's case has merit and the facts of the case are true. Plaintiff struggles every day with migrains and other asorted problems stemming from this injury daily, and still does not receive proper pain relief for his migrains. These reason are also hardship on plaintiff, as provided in (Doc#1). See Foman-v- Davis, 371 U.S. 178, 182(1962) (leave to amend should be freely given in the absence of any apparent or declared reasons such as undue delay, bad faith, or dilitory motive, undue prejudice to opposing party, futility of amendment). Accordingly, plaintiff requests the following relief:

## Requested Relief:

As time draws near for plaintiff to file his Amended 1983 petition, plaintiff moves the Court to:

1) Issue an order to allow plaintiff, 30 days extension of time to file his Amended 1983 petition; and
2) Because plaintiff just received the 11/28/09 order on 11/28/09, from mail and property room, and
3) ASPC-Lewis/Barchey Unit is under lock down because of the "State wide" moves being made, and

(5)

4) Due to Arizona Department of Corrections state wide moves that involve Lewis/Barchey Unit, the law library is closed and plaintiff can not receive copies until some time next week or the following week after. Plaintiff is getting help one time from out side paralegal to comply with Rules of Court to supply this Court with copies to be served, if necessary, and

5) Pursuant to <u>Fed. R. Civ. P. 4 (Summons)</u>, this Court has a standard Summons form for plaintiff to fill out, please issue its order, ordering the Clerk of the Court to provide plaintiff with <u>20 Blank forms of Summons for each defendant</u> in this action as provided by <u>L.d. Rule 4(c)(2)</u>; and provide the Summons forms according to reconsidering not severing action, either way this Court rules on this request, and

6) Issue its order, to not severing defendants from this action, pursuant to <u>Fed. R. Civ. P. 22(a)(1)(A) and (B) and (b)</u>, and

7) Issue its order in a timely manner so plaintiff may respond and/or file amended <u>1983</u> petition in a timely and appropriate manner.

Respectfully Submitted this <u>5th</u> day of <u>December</u>, 2009.

                                        /s/ Thomas M. James
                                        Thomas M. James
                                             Plaintiff

## Certificate of Service

Copies of the foregoing sent to:

3-Copies to:

The office of The:
Clerk of The U.S. District Court
105 U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana  46204

Copy to be fowarded to:

Hon: William T. Lawrence, Judge
105 U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana  46204

Copy inclosed for Clerk to foward for:

Attorney Generals office - (if necessary)
Indianapolis, Indiana

One copy to be returned to: Thomas M. James.

By: Thomas M. James.          dated: 12/5/2009

(7)