Thomas M. James

ADC # 98106

ASPC-Lewis/Barchey Unit

2-F-22

P.O. Box 3200

Buckeye, Az., 85326

Thomas M. James,
            Plaintiff,

V.

GEO-Group, INc., et. al.,
            Defendants.

United States District Court

Southern District of Indiana

FILED
DISTRICT COURT
SOUTHERN DIVISION
JAN 15 '09 31
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS

No.' 1:09-CV-2284-WTL-TAB.

Plaintiff's Motion for Appointment
of Counsel, 28 USC § 1915 (e)(1).

Hon: Judge/William T. Lawrence.

    Pursuant to 28 USC §1915(e)(1), plaintiff moves for an
order appointing counsel to represent him in this case.
In support of this Motion, plaintiff states the following:

1) Plaintiff cannot afford to hire a lawyer. He has requested
leave to proceed in forma pauperis in this case and
this court has granted plaintiff to proceed in forma
pauperis.

2) Plaintiff's imprisonment in Arizona (A.D.O.C.) will greatly
limit his ability to litigate this case, in the State of
Indiana, and this case will involve substantial
investigation and discovery. Also, Plaintiff does not
have access to Indiana Case law, or Rules of Court,
and in (A.D.O.C.) Arizona prison system, their is no
law library and "no" legal assiste to help —

(1)

plaintiff to do research and prepair documents at: ASPC- Lewis- Borcheze, Unit, involving this case or in fact any case, be it civil or criminal.

3) The issues in this case are complex. A lawyer would help plaintiff to apply the law properly in briefs and before the Court. Plaintiff has never before been a party to a civil legal proceedings in 42 USC § 1983 civil right complaint.

4) A trial in this case will likely involve conflicting testimonies. A lawyer would assist plaintiff in the presentation of evidence and the cross-examination of opposing witnesses. (expert witnesses testimony).

5) Plaintiff receives migrains and most days is in pain and has a hard time with writing documents when migrains are occurring.

6) Plaintiff has made efforts in the past to obtain a lawyer for representing this case. See attached letters.

Wherefore, plaintiff respectfully requests this Court to appoint counsel to represent him in this case, as is set forth in the following Memorandum of law in support of the plaintiffs Motion for the appointment of Counsel

Memorandum In Support of the Plaintiff's Motion
for Appointment of Counsel.

Statement of the Case.

This is a civil rights case filed under 42 USC § 1983 by
a State prisoner, Thomas M. James, AOC # 98106, and asserting
claims for unconstitutional misuse of medical care -
"Mistreatment", concealing medical records, and denial of
or delay of medical care for injuries inflicted
during the time state prisoner should have been either
housed on "lower level - lower bunk or in the infirmary".
Finally, denial and delay in serious medical care and
mistreatment incurred, are based on actions by
defendants of retaliation. The plaintiff seeks damages
as to all claims and an injunction to ensure proper
medical treatment.

Statement of Facts.

The Complaint alleges that the plaintiff was denied timely
and prompt medical care by Geo-Group - (cms) medical
Doctor to remove ingrown toenail, that created a Staph
infection after delay of 30 days before minor surgery
was performed. In fact this injury created by Geo-
-Group, (cms) medical - created "second" injury of
falling down the steps while on a narcotic, which
plaintiff received a injury to his head, including —

(3)

Fractured Skull and broken Jaw bone, in more than one place, to also include, "Jaw bone" is not connected in Jaw Joint which can create complications in future and migrains daily when eating (Food) and T.M.J (lock-Jaw) if its not repaired. Geo-Group-(cms) medical, after 30 to 33-day delay, finally took plaintiff to the hospital where M.R.I was taken, and doctor gave plaintiff notice that, more than likely no one will pay for surgery to fix Jaw bone, its been to long sence the brake, and Doctor will provide answers to all of plaintiff's concerns in follow up meeting. (Doctor at hospital seen plaintiff within 10 week window to repair Jaw bones, but did not repair Jaw bone).

Basicly, plaintiff was told by Dr. Lorenzo at (cms)-(n.c.c.f.) nothing will be done, ("I'll be just fine") and told me their is no need to be in the infirmerey. The Plaintiff was sent back to Arizona state prison pursuant to retaliation to rid themselfs (Geo-Group) and (cms) medical of plaintiff's complaints. Geo-Group and (cms) medical and wishard hospital concealed medical records, to include M.R.I taken when transporting plaintiff back to (A.D.O.C).

The plaintiff was convicted of disciplinary at a hearing of giving false information to "staff" at ASPC-Yuma-Complex, about plaintiff's 'broken Jaw bones' not existing. Plaintiff was convicted of disciplinary because no record of injury were transported with plaintiff upon his return to Arizona Custody as is per: (A.D.O.C) policy, requires.

(4)

The disciplinary appeal was also concealed, after the plaintiff handed appeal form to Sgt. at ASPC-Yuma-Complex, not being filed on Aim's record. Retaliation claim is also based on no legal access to the Courts and allegation of taking nearly two years to finish the grievance process, that should only take no more than 100 days. The Plaintiff severs the claims as ordered ~~by~~ ~~the~~ Count, but will need to explain in claim (ss) "Surrounding Issues" of the facts in support of claims raised to clearify the case in whole.

## Argument.

The Court should appoint counsel for the plaintiff. In deciding whether to appoint counsel for an indigent litigant, the Court should consider "The factual Complexity" of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the Indigent to present his claim and the complexity of the legal Issue. See Abdullah-v-Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert denied, 112 S.Ct. 1995 (1992).

In addition, courts have suggested that the most important factor is whether the case appears to have merit. Cooper-v-Sargenti Co. Inc., 877 F.2d 170, 173 (3rd Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

(5)

1). Factual Complexity.

The Plaintiff alleges he sent several H+R request forms
to (CMS) medical about both injuries, which were either
ignored or medical (RN)'s and/or Movement officer at
(n.c.c.f.) failed to move plaintiff to lower level, lower
bunk after Doctor ordered this, Geo-Group. (CMS) failed
to bring pain relief to the housing dorm daily and also
failed to provide food trays daily. Plaintiff also asserts
that certain prison Supervisors (administration) were
on notice of plaintiff's "injuries" (First and Second-
-injury) and they did nothing about directing lower
level staff in handling plaintiff's medical problems.
    The sheer number of claims (within the Claims in Support)
and defendants, makes this a factually complex case.
    In addition, plaintiff's claims involving the delay
and/or denial (mistreatment) of medical care, it will
more than probably be necessary to present a
medical expert witness or to cross-examine medical
witnesses called by the defendants, or both. The
presence of medical or other issue requiring expert
testimony supports the appointment of counsel. See
Moore-v- Mabus, 976 F.2d 268, 272 (5th cir. 1992);
Jackson-v- County of McLean, 953 F.2d 1070, 1073,
(7th cir. 1992); Tucker-v- Randall, 948 F.2d 388, 392 -
(7th cir. 1991).

(6)

2). <u>The Plaintiff's ability to investigate.</u>

The plaintiff is locked up in (A.D.O.C.), Arizona prison system and has no ability to investigate the facts as it is pursuant to being relocated to different prison system he is investigating. For example, he is unable to identify and/or locate and/or interview the inmates who were housed in K- -Building who saw "<u>foot injury</u>" (staph infection) and saw fall down steps (who saw all/or most <u>of the misuse of medical care and denial of the</u> <u>emergency treatment needed on 11/27/07</u>). This will include all GEO-Group, Inc. Staff, (cms) medical (RN's) and all medical Staff, or wishard hospital Staff and administrative prison officials involved. Plaintiff is in the situation of hardship, because he has been transferred to a different institution (<u>out of state</u> <u>of Indiana</u>) to Arizona State, a factor that several courts have cited in appointing counsel. <u>Tucker-v-</u> <u>-Randall, 948 F.2d 388, 391-92 (7th Cir. 1991); Gatson</u> <u>-v-Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988);</u> <u>Armstrong-v-Snyder, 103 F.R.D 96, 105 (E.D Wis 1984)</u>. In addition, this case will require considerable discovery concerning the identity of witnesses, the officers, administration(s) supervisors, medical reports and files, statements about those incident(s), the history of all defendants with any prior records of misuse of authority, and plaintiff's medical history.

(7)

See _Tucker-v- Dicker_, 613 F. Supp. 1124, 1133-34 - (W.D. Wis. 1985) (need for discovery supported appointment of counsel).

## 3). Conflicting Testimony.

The plaintiff's account of the misuse (mistreatment) of delay and denial of emergency serious medical needs are squarely in conflict with the statements of the administrations at (GEO-Group, Inc. (cms) medical (ncer.) and (A.D.O.C.) control office grievance denials. This aspect of the case will be a credibility contest between defendants medical views and plaintiff's proof with _M.R.I. (washford hospital)_ and _Cat-Scan_ taken in 12/09, to show cause and injury exists denial of proper procedures (to include any / and/all witnesses that will be located to testify at trial). Appointment of expert witness will also be needed to varify injury on medical terms and the credibility of plaintiff's allegations setforth. The existence of these credibility issues supports the appointment of Counsel. _Gotson-v- Coughlin_, 679 Supp. 270, 273 (W.D.N.Y. 1988).

## 4). The ability of the Indigent to present his claim.

The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. See-

(8)

Whisenant -v- Yusm, 739 F.2d 160, 163 (4th cir. 1984).

In addition to this, plaintiff is confined in the (A.D.O.C.) prison system with very limited access to legal material for fighting Arizona appeals, and no legal material to support (very limited material) to argue Indiana law, Rules, and Trial procedures. Bayes-v-Johnson, 969 F.2d 700, 703-04 (8th cir. 1992) (citing lack of ready access to law library as a factor supporting appointment of counsel). The only material plaintiff found "on the yard" was another inmates legal book "Prisoners self help litigation manual", which is out dated, and plaintiff used some case laws in this section from that book to cite the authority in support of claims. In Arizona (A.D.O.C.), under Rules of the Arizona Supreme Court, Rule 31, plaintiff is not entitled to any legal assistance from other inmates in prison system and/or a lawyer in helping prepair civil or criminal actions, either on Direct or post-conviction relief, habeas actions or with 1983 civil rights claims. This is unconstitutional.

Plaintiff submits, a state prisoner is constitutionally entitled to some form of legal assistance, such as to adequate law libraries or the aid of persons trained in law for helping in prepairing their indigent actions, (appeals) petitions, to include case laws in support to clarify argument. See Bounds-v-Smith, 430 U.S. 817, 821-28 (1977); Johnson-v-Avery, 393 U.S. 483 (1969). This is not the case here in (A.D.O.C.) -

(9)

-prisons, throughout the State of Arizona, even though State Departments agencys lawyers make it look good on paper in pleadings, the reality of the facts of access to law libraries and legal material is verifiability zero. See e.g. Forbes-v-Edgar, 112 F.3d 262, 264 (7th Cir. 1997); Bass-v-Perrin, 170 F.3d 1312, 1320 (11th-Cir. 1999). See also Hendricks-v-Coughlin, 114 F.3d 390, 392 (2nd Cir. 1997); Parham-v-Johnson, 126 F.3d 454, 457-58 (3rd Cir. 1997); In both of these cases, the court held that the district court abused its discretion by failing to appoint counsel. These factors of the case's mentioned are on point to this case before the Court.

5). Legal Complexity.

The complexity of the injury and large amount of disclosure with number of defendants some of whom are not named yet and are supervisory officals, presents complex legal issue css of determining which defendants were sufficiently personally involved in the Constitutional violations to be held liable.

In addition, the plaintiff has asked for a jury trial, which requires much greater legal skills than the plaintiff has or can develop. See Abdullah-v-Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991), cert denied, 112 S.Ct. 1995 (1992). (citing jury demand as a factor in supporting appointment of counsel).

(10)

## 6). Short of the Case.

The plaintiff's allegations, if proved, clearly would establish a constitutional violation. Plaintiff's claims with disclosure, exhibits (M.R.I. and Cat-Scan) will clearly state an eighth Amendment violation in the mistreatment of these injuries. Hudson-v- McMillian, U.S. __, 112 S.Ct. 995, 1000 (1992). Furthermore, the allegations set forth in denial of emergency medical care for serious injury amounts to "Intentionally- -interfering" with the treatment once it happened, then after Doctor finally prescribed orders, "which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs." Estelle-v- Gamble, 429 U.S. 99, 97, 105, 97 S.Ct. 285 (1976). The unjustified denial of medical care, timely surgery given, and the failure to foreword medical files and meaningful - medical care follow-up are points and reasons, are all plain violations, on its face, of due process, in retaliation by both Prison (officials), Geo-Group, Inc., and (A.O.O.C.); Ponte-v- Real, 471 U.S. 491, 497, 105 S.Ct. 2192 (1985); Superintendent -v- Hill, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); Dyson-v- Kocik, 689, F.2d 466, 467-68 (3rd Cir 1982), support this is a meritorious case.

## Conclusion.

For the foregoing reasons, the Court should grant the plaintiff's motion and appoint counsel in this case.

Respectfully Submitted This 14th day of January, 2010.

Thomas M. James

THOMAS M JAMES

98106

I Declare under penalty of perjury that the foregoing is true and Correct.

Signed This 14th day of January, 2010.

Thomas M. James

Thomas M. James

98106

## Certificate of Service

Copy sent to:        BY: Thomas M. James - 1/14/10

The office of The Clerk of The Court
United States District Court
105 U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana, 46204