Thomas M. James / ADC # 98106
**Plaintiff's Full Name(s)**

ASPC-Lewis / Bachman Unit - 2-F-22
**Prisoner or Registration Number**

P.O. Box 3200, Buckeye Az. 85326
**Street Address or Postal Box Number**

~~██████████████████████~~
**City, State and Zip code**    Phone #:

FILED
██ ██████ COURT
██ ███████ █████████

10 JAN 15 PM 3: 31

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

Amended 42 USC § 1983 Action;
Civil Action No. CV-1204-WTL-TAB (1:09)
(To be supplied by the Court) ~~████████████~~

Thomas M. James / ADC # 98106

_____ **Plaintiff(s)**

**Full Name(s) (Do not use _et al._)**

v.

GEO-Group-Inc. (ABC/XYZ, Corp.); Jeffrey
Wrigley-Superintendent (n.c.c.f.)(ABC/XYZ, Corp);
CMS-Inc. (n.c.c.f.)(ABC/XYZ, Corp.); Dr. Eli
Lorenzo (CMS-n.c.c.f.)(ABC/XYZ, Corp.);
Wishard Hospital-Indiana (ABC/XYZ, Corp.);
Dr. John Doe at Wishard hospital (ABC/XYZ, Corp);
Tammy Shroeder (A.D.O.C. medical monitor at;
~~████████████████████~~ **Defendant(s).**

**Full Name(s) (Do not use _et al._)**

~~████~~

- (n.c.c.f.) for CMS-Inc. (ABC/xyz, corp.); ADW Wagner, Arizona - -Monitor at (n.c.c.f.) over all Arizona inmates at (n.c.c.f.) (ABC- -xyz, corp.); Any/and/all John and Jane Doe's, unnamed herein, that was involved with this case working at (n.c.c.f.), either - contracted by: (n.c.c.f.) Geo-Group-Inc, or CMS-Inc., or by A.D.O.C. (Dora B. Schriro, A.D.O.C. Director)(ABC/xyz, corp.) All Black and white Entities - Arizona/Indiana; - (A-Z).

Defendants.

Each named Defendant including Corporate entities are sued in their offical and individual capacities.

# CIVIL RIGHTS COMPLAINT

## I. PARTIES

**A. Plaintiff's Information:**

Name and Prisoner Number of Plaintiff: _Thomas M. James / 98106_

Present Place of Confinement or Mailing Address _ASPC- Lewis-Barchey Unit-2-f-22- P.O. Box - 3200 , Buckeye , Arizona, 85326 ._

**B. Defendant's Information:** *(Note to provide information about more defendants than there is room for here, use this format on another sheet of paper.)*

▓▓▓▓▓▓▓▓: _GEO-Group, Inc. (ABC/xyz, Corp.) Superintendent Jeffrey Wriggles._

▓▓▓▓▓▓▓▓ _Contractor of (CMS) at (n.C.C.F.) Contracted agreement with (A.D.OC)._

▓▓▓▓▓▓▓▓ _at: 1000 Van Nuys Rd., New Castle, Indiana- (n.C.C.F.)- Complex, Zip code: 47362_

▓▓▓▓▓▓▓▓ _Jeffrey Wriggles (ABC/xyz. Corp.)_

▓▓▓▓▓▓▓▓ _Superintendent at (n.C.C.F.) complex at:_

▓▓▓▓▓▓▓▓ _1000 Van Nuys Rd., New Castle, Indiana, 47362_

▓▓▓▓▓▓▓▓ _CMS- INC. (ABC/xyz, Corp.)_

▓▓▓▓▓▓▓▓ _Medical contract by GEO Group to work at (n.C.C.F.) Complex._

▓▓▓▓▓▓▓▓ _1000 Van Nuys Rd., New Castle, Indiana, 47362_

▓▓▓▓▓▓▓▓ _Doctor Eli Lorenzo (ABC/xyz, Corp.)_

▓▓▓▓▓▓▓▓ _Doctor Contracted by: GEO Group/CMS, at (n.C.C.F.) Complex._

▓▓▓▓▓▓▓▓

2



███████████ 1000 Van Nuys Rd., New Castle, Indiana,
— 47362.

███████████: Wishard Hospital-Indiana (ABC/xyz Corp.)

███████████: Hospital Contracted for Inmates by GEO-Group/CMS st

███████████: 1000 Van Nuys Rd., New Castle, INdIANA, 47362.

███████████ Doctor John Doe st wishard hospital-Indiana.

███████████ Doctor, Professional title unknown (?) Contracted by
GEO-Group/CMS-st (N.C.C.F.) Complex. (ABC/xyz, Corp.).

███████████ 1000 Van Nuys Rd., New Castle, Indiana, 47362.

███████████ Tammy Shroeder (ABC/xyz. Corp.).

███████████ Medical Monitor st (n.c.c.f.) Complex, for CMS- snd
GEO-Group- through (A.D.O.C.) for (A.D.O.C.) Inmates.

███████████ 1000 Van Nuys Rd., New Castle, INdIANA, 47362.

███████████ ADW Wagner (ABC/xyz, Corp.).

███████████ Arizona inmate Monitor st (N.C.C.F.) Contracted by
GEO Group/CMS-medical- through (A.D.O.C.).

███████████ 1000 Van Nuys Rd., New Castle, INdIANA, 47362.

███████████ Any/And/ all John and Jane Doe's
unnamed herein, that were involved with this case either
working st: (n.c.c.f.) GEO-Group -or- CMS contracted by
GEO Group - or (n.c.c.f.) administration / or (A.D.O.C.) st
███████████ 1000 Van Nuys Rd., New Castle, Indiana, 47362,
(ABC/xyz, Corp.). All Black and white Entities, A-Z.

███████████ Dr. Dora B. Schriro, (ABC/xyz, corp.).

███████████ Director (A.D.O.C.) "Signed contract with GEO-Group Inc.
███████████ unknown st this time.

███████████

## II. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. (*If you wish to assert jurisdiction under additional statutes, you may fill in the title and section below.*)

_____42_____ U.S.C. § _1871; 1997(e)._

_____18_____ U.S.C. § _1915 (d)(e)(1)._

## III. BASIS FOR CLAIMS

Check any Applicable Item(s):

_____✓_____ Complaint Under the Civil Rights Act, **42 U.S.C. § 1983** (state, county, or municipal defendants) _Violations Based on 1st, 8th and 14th Amend. U.S. Const._

_____ Complaint under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants) _None_

_____✓_____ Other (cite statute, if known) _ARS §§ 12-2602 (A)(B); 41-1609.01; 41-_
_1609(b)(e); 41-1609.02; 41-1609.03;_
_41-1602 (A)(B); 41-1604.01; 41-1606 (A)(B); 31-221; 31-20)._

## IV. CLAIMS

**BRIEFLY** state the background of your case.

On 9/25/2009, the Plaintiff filed his Civil Rights Action to 42-USC-§1983, 1:09-CV-1209-WTL-TAB with this Court. This Court Issued its order on 11/23/09, severing defendant's that worked together, to raise those medical Concerns- delayes and deneyed. This Court also Issued its order, granting time to plaintiff to file Amended 1983 Action no later than 1/13/10. James, the plaintiff raises due process concerns based on, no real access to legal library and help by lawyer trained in law. (See Arizona Supreme Court, Rule 31, Ariz. R. of Court). Because of such actions based on Rule 31, plaintiff had no real access to the proper help by a person trained in law, per Arizona policy and the State law (Rule 31) to adequately prepair his legal matters or for redress while at (N.C.C.F.) in New Castle Indiana. Rule 31 is based on the law in Arizona and Arizona had jurisdiction as (A.D.O.C.) policy and (contract, which (A.D.O.C.) policys will be followed while plaintiff is in (N.C.C.F.) (complex in Indiana, as is the law). Plaintiff was hindered his U.S. Constitutional Due process rights in more than one way. Either was this is proceived to minimize Fed. R. Civ. P. 20 and its applications. This case is clear that both GEO-Group, Inc. (cms) medical and (A.D.O.C.) worked together to conseel all mistreatment of Jame while at (N.C.C.F.) and this mistreatment Continued while he was at (A.D.O.C.) after his return from Indiana (N.C.C.F.), using Rule 31 as controling law.

3

Continued from pg. 3.

Plaintiff's conseled and mistreatment, denial and delay of serious medical condishion has caused daily migrains after eating (food), chanes in near future of Lock Jaw, T.M.J., because of broken Jaw disfigurement (Jaw-line / Bite) where suffering continues to date, due to total lack of proper timely treatment / timely surgery to correct disfigurement, was done to save Geo.Group, Inc., (cms) medical, and (A.O.O.C.) costs in medical service. Plaintiff submits, every defendant mentioned in original 1983 action filed with this court is still liable for working together to conseal plaintiff's injury and mistreatment thereto. This has effected plaintiff's future health and safety issues as noted. The case record will reflect upon disclosure, that all defendants in this action had one purpose involving plaintiff's injuries; was to "shut it down" to conseal every aspect from beginning when injuries happened, to the present day to save the "Departments" ie. medical costs, because of Department Budget problems.

Simply put, these case facts that will be exposed upon disclosure, stem from an illegal transportation of Arizona inmates at (A.O.O.C.) units to be relocated to (n.c.c.f.) without plaintiff's concent or his knowledge, or family's knowledge.

While plaintiff was at (n.c.c.f.) complex, he retained two (2) different injuries. Both times when plaintiff requested for emergency medical treatment he was refused. Geo-Group, Inc., (cms) medical, and/or representatives of (A.O.O.C.) located at (n.c.c.f.) complex failed to provide timely medical treatment to plaintiff for serious medical condictions.

Continued To pg. (B-3).          (A-3)

Sweeping plaintiff's serious injury under to rug was Geo-Group, Inc., (cms) medical, and (a.c.c.f.)'s main concern. The failure of Doctor Lorenzo, at (a.c.c.f.) inforcing that plaintiff's toenail be removed, by transporting him to hospital to have this done before staph infection set in, also knowing "no footspecialist was available" to do minor surgery, shows his state of mind to save costs for (cms) medical is deliberately indifferent to the plaintiff's medical needs. This delay effected the plaintiff's daily activities, suffering with throbbing pain daily and serious chance of staph infection entering into plaintiff's blood, causing health and safety issues.

By Doctor Lorenzo and Geo-Group, Inc. (movement-officer) name-unknown, failing to move plaintiff into the complex infurmery after Toenail-surgery or to a lower-level-lower-bunk in his housing unit, has caused this "Broken Jaw" injury, while plaintiff was hopping up the steps in his housing unit while on proscribed narcotic, created this disfigurement today.

All defendant(s) mentioned in this action are vicariously liable for either delaying serious medical attenchen, damping corrective surgery (timely), follow-up care, pain management, and for helping conseal plaintiff's injury violating 1st, 8th and 14th Amend. U.S. Const. while acting under color of state law in their offical capacity and in their individual capacity (ABC/XYZ. Corp.); relaliating to "Shut down" the plaintiff's complaints, and conseal injury existed.

(B-3)

**Claim I:** (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

(1). Since March of 2002, I, Thomas M. James, 98106, have been in the control and custody of the State of Arizona Department of Corrections, and have lived in the State of Arizona with my family, prior to being convicted, since 1979-1980 to 2000.

**Claim II:** (1). On 11/27/2007, while in the care and custody + control of Geo-Group, Inc. at (N.C.C.F.) (contracted to have Az. inmates housed at (nccf), where plaintiff suffered serious injury to (Left side of skull-Jaw Joint "Broken Jaw bones) by falling down steps (By accident). (continued on pg. "K-4).

**Claim III** (1) Denial of right to legal assistance under Amendment I right to petition the government for a redness of grievances clause, and Amendment XIV due process clause to Unit states Constitution. Continued at: (U-4).

## V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

    _____ Yes  ✓ No.

If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "V. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF.")

   a.   Parties to previous lawsuit:

        Plaintiff(s): Thomas M. James, 98106

        Defendant(s): Geo-Group, Inc., (A.D.O.C.) 27 Defendants (plus) total.

   b.   Name and location of court and docket number District Court in Tucson Az., Filed No: CV-08-580-TUC-JMR.

4

In march of 2007, the state of Arizona and state of Indiana entered into a contract, signed by Doctor Dora Schriro, Director of (A.D.O.C.) and J. David Donahue, Commissioner (I.D.C.).

In April of 2007, plaintiff was relocated and housed by (A.D.O.C.) at (n.c.c.f.) - New Castle Correctional Facility in New Castle Indiana, by Doctor Dora Schriro, Director (A.D.O.C.) transported by GEO-Group Inc. Staff.

Plaintiff was relocated to (n.c.c.f.) against his will to go and without written consent by plaintiff, basically being forced to be transported (relocated) away from his family at gun point.

On 10/22/2007, plaintiff put in (my) first H&R medical request form, reporting to (C.M.S.) medical Department and Doctor Eli Lorenzo, and Tammy Shroeder (medical-monitor of Arizona inmates) that (my) "left-Great-Toe" had an "Ingrown toe-nail" pushing into the left side of (my) great-toe. The H&R was dated 10/23/2007. In HeR I also tell (CMS) medical, Dr. Lorenzo, and ms: Shroeder, that the ingrown toe-nail has been bleeding since 10/21/2007, starting at midday of that day, because my toe was stepped on by another Inmate on the way home from the library, and clarified this was an accident that happened around 3 p.m of 10/21/07.

On 10/22/2007, plaintiff was seen by medical staff (RN) working for ((C.M.S.) Geo-Group), and they looked at (my) ingrown toenail and told me to clean (the left-Great toe) and (RN) gave me "advil" for the pain, which did not-

-work in helping stop the throbbing pain. (plaintiff has an allergic reaction to advil, but Doctor clarified, that the advil is all he can prescribe me for pain, per-facility policy). plaintiff took the advil and got sick, (an-up-set-stomach and diarrhea). At the time the (RN) told plaintiff to clean toe off, he explained, and agreed with (me) that the "left-toenail" should be pulled-out, removed (ASAP) before the toe gets infected with staph. (RN) told (me) at that time, Doctor will look at my (foot) (toe) and it is most likely the toe nail will be removed within the next day or two?

On 10/23/07, plaintiff was called to (CMS) medical at (n.c.c.f.) for doctor Lorenzo + Ms. Shroeder to set up a time to have left toe nail removed, before staph infection could set in. This did not happen.. (?)

On 10/23/07, Doctor Eli, told me GEO-Group, Corp. has a "foot-specialist" that will do this minor surgery, by pulling the toenail out.

On 10/23/07, Doctor Eli told me the only time I can get the toenail removed, is when the footspecialist can come to (n.c.c.f). He will do this when there were (10) ten or more people on a (10-list) that need his medical services. On, 10/23/07, Doctor Eli also told (me), I was #7 on that list. Doctor Eli, also explained to (me) that the footspecialist is the only Doctor for (all) Indiana Correctional Facilitys and is very busy traveling around the State (of Indiana) and when he gets time, he will come to (n.c.c.f.). on 10/23/07, (RN) told (me), -

— "There is no telling (me) when "foot specialist" will show up to do this surgery" (?).

On 10/23/07, as stated earlier, I requested to Doctor Eli for some sort of better pain relief. At that time, I was only given "Advil" and then "Tylenol" once a day for pain. It did nothing for me to relieve the pain. Also, on 10/23/07, Doctor Eli gave me prescription for anti-biotics and more Tylenol. I never received these prescriptions until, (9) days after prescription was written. (CMS)-(RN's) were to supplement those pre-scriptions daily until my regular prescription was to be given to me. This was not done for me.

Plaintiff, finally received meds twice a day starting (9) days after Doctor Eli gave prescription. I was given advil and Tylenol, after explaining Tylenol was not helping with pain and Advil gave me allergic reaction, but Doctor told (me), "that is all he can prescribe for me for pain, per -facility -policy". I took the advil and got sick with, ie: (up-set-stomach and diarrhea).

On 10/23/07, to 11/06/07, plaintiff was given only "one pack" of (Ibuprofen -250mg) and pack of (Tylenol, 325mg) for pain. ie: this did nothing to relieve pain. Plaintiff submits, I would be awake for three to four days at a time because of the throbbing pain. Plaintiff would finally pass-out, get very little sleep because of being completely exhausted, plus the lights were on all night in the dorm and it was very noisy.

Between 10/22/07, to 11/16/07, plaintiff was completely miserable and had many encounters of people, (inmates) and GEO-Staff, bumping and knocking "(my) foot", because I was forced to walk (hop) to get chow, when lay inn (food) or (meds) would not show up at the building unit were I was located, as ordered by Doctor Lorenzo, from 10/23/07, to 11/14/07. I filed an He'n to (cms) medical, on 11/18/07, to see Doctor and to request him to extend lay in food and meds.

On 11/06/07, I saw Doctor Lorenzo and he extended lay inn for (food) and (meds) to go to 11/14/07, and also prescribed more antibiotics and also ordered (me) to "hop to med-line to get my meds and bandages" which (cms) (RN) refused to give me after I hopped up to med-line to receive those meds + supplies. On 11/07/07 through to 11/09/07, I hopped to med-line (every day) and was refused meds and bandages as the Doctor ordered. On -11/09/07 I was told by (cms) (RN) at med-line window, not to come back until I have a red-med-line-pass-card. I was never sent a med-line-pass-card. On 11/10/07, I requested to Housing-Unit-GEO-Group-guard-(staff) to go to late night med-line, GEO-Group-officer, wanted to see my (red-med-line) medical pass, that (cms) medical is to Issue in order to go to receive meds at med-line. Because (cms) medical did not provide (me)" with the med-line-pass, I could not go + get the needed meds + supplies for my-

- toe.

████████ : Between 11/6/07 and 11/18/07, plaintiff never received any type of "Bandages or pain relief" from (cms) medical Department after Dr. Lorenzo order (me) to receive these meds and supplies.

████████ on 11/19/07, plaintiff seen on (cms) (RN) at K-Building-Unit- giving a different inmate meds on lay-in and plaintiff asked (RN) why (cms) medical has not been giving (me) my "lay-in meds" and needed supplies for swelling toe and infection, (pain), (RN) told me, meds ran-out, on 11/19/07.

████████ : Plaintiff then handed an HC'R request form to (RN) on 11/19/07, to be called in to see Doctor.

████ . By the date of 11/19/07, plaintiff's toenail had turned 'Black C' Blue', the toe itself had swelled up to the size of a "golf-Ball" "on top of the toe", and the delay in treatment, removing the toenail, 30 days prior, created "full--blown-staph-infection"; all the while for 30 days prior, the toenail would Bleed on and off because the toenail itself was also growing into the side of the toe.

████████ : The pain and suffering by 11/19/07 was unbearable, because of throbbing and infection.

████████ : Plaintiff asked Dr. Lorenzo, on first visit and Second visit to give plaintiff a wheele chair. Dr. refused a wheele chair for Plaintiff, forcing plaintiff to hop every where.

██████: (RN) Tucker seen my full blown staph infection on left great toe, she was sympathetic to my problem.

██████: GEO Guard - Tobias and Mitchell, also seen my "staph-infected" toe and seen me hopping around everywhere. Officer's Tobias + Mitchell listened to (my) complaints to include issues about lower level bunk on lower level and leg-in meds and trays.

██████: Both Tobias and Mitchell had prior experiences with ingrown toenails themselfs. I will call (RN) and GEO-officers as witnesses at my trial.

███: I wrote to (cms) Doctor and (cms) medical monitor and AOW Wagner about my serious medical problem, and Tammy Shroeder (A.D.O.C.) medical - monitor never wrote me back trying to resolve this serious medical concern, nor did Doctor Lorenzo.

███. Only responce plaintiff received was by AOW - Wagner (4-inmate lettes sent-out) concerning staph infection to toenail (medical issue). Ms. Wagner did nothing to resolve this issue, and wrote me, and stated: "She"- "has forwarded my medical complaint to (cms) medical department."

███████: This makes no scence, because the complaint was/is about how (cms) medical (RN) and (Doctor Lorenzo) were not doing their "Jobs" to accomidate plaintiff's serious medical injury and/or failing to timely treatment to remove toenail before staph infection set in, (cms) (RN) (Doctor) all ignored plaintiff's inmates letters and injury, for 30 days.

when plaintiff confronted grievance officer, Mr. Holder at (n.c.c.f.) (Face to Face), so plaintiff may receive all proper grievance forms, Mr. Holder, told plaintiff he heard about medical issue and will send the proper forms, because nothing is being done for me.

▨: on 11/20/07, Doctor from (I.D.C.) had come to (n.c.c.f.) and cut out part of the in-grown-nail and drained the staph infection which was in two pockets on the great toe.

▨ Plaintiff found out after the toenail was cut out that, medical monitor, Tammy Shroeder, that over see's Arizona inmates at (cms) medical at (n.c.c.f.) had either "resigned" or "quit" (?)

▨: It is unclear when Ms. Shroeder left, but plaintiff was told she left some time in October of 2007. Because Ms. Shroeder was not their to help Az. inmates caused deliberate indifference to plaintiff's serious medical needs.

▨: It is unclear if Ms. Wagner (monitor, Az. inmates, administration) was quilified to work at (cms) medical (?).

▨: It is clear to plaintiff and to the court that because there were no Arizona representives at (C.M.S.) medical for Arizona inmates that over see Arizona inmates are being treated for their medical problems (injuries), that all that had occurred during plaintiff's incedent were done because of such reasons. (Delay of 30-days to cut nail out).

Plaintiff submits, that the "footspecialist" located at (n.c.c.f.) complex, working for (c.m.s.) medical department, "quit" or "resigned" in October of 2007; There were no qualified Specialists to provide treatment to plaintiff's infected toenail - prior to being infected and after being infected with "Staph" because of 30 day delay in plaintiff's treatment, to remove the toenail.

Plaintiff submits, if there were a footspecialist available to remove the ingrown toenail in or around October 22nd and/or to October 25th of 2007, the plaintiff would have never received Staph-infection.

Dr. Eli Lorenzo, Knew about "No" footspecialist" being available to inmates at (n.c.c.f.) and should have transported plaintiff to nearest hospital to have ingrown toenail removed. This didn't happen.

Staph infection occurred do to deliberate--indifference to plaintiff's medical need, because of the absents of Ms. Shroeder + footspecialist, and not being transported to nearest hospital for Serious medical condistion by Dr. Lorenzo at: (n.c.c.f.) complex and/or Geo Group / and/or (c.m.s.) medical Department, to remove ingrown toenail timely.

Plaintiff further Submits, Geo-Group, guards and/or Geo-Group employees, and/or (cms) medical Department employies, all had a Deep prejudice against all Arizona inmate (s) (untill the day they left n.c.c.f.) after the 4/24/07 riot occurred.

Plaintiff submits, between 10/22/07 to 11/6/07 and to 11/19/07 (11/20/07), he had experienced "Fevers" Swelling occurred (left great toe), due to not receiving medication (or bandages) by doctors order, due to this mistreatment of serious medical need, ("full blown staph infection set in on left toe"), "many dizzy spells" happened "no real sleep" causing throbbing and bleeding daily, due to having to hop around to chow (or any where plaintiff needed to be) because Dr. Lorenzo did not give plaintiff "wheele chair" - and had ordered lay--in medical - needs for medication and (food) trays - and "lower-level-lower Bunk"- which the parties - mentioned are deliberate indifference to plaintiff's medical needs for serious condition and intentionally caused "staph infection" to save medical costs.

Plaintiff was given lower-level lower bunk order by Dr. Lorenzo, and CEO-Group-Movement officer in October / November of 2007, never moved plaintiff as ordered by doctor (or moved plaintiff to infirmery) because there might not be available lower bunks.

CEO-Group-movement officer was deliberately --indifferent to plaintiff's medical (serious) needs and Dr. Lorenzo's order, (to move plaintiff to a lower level lower floor bunk) and is liable for failure to do so in Claim I and Claim II.

Plaintiff lived in K-Building on upper level and had to hop up and down the stairs to go to chow hall, and medical or legal library.

All mentioned (unnecessary suffering) occurred by plaintiff, between 10/22/07 to 11/20/07, denial of serious medical needs, that establish deliberate indifference to plaintiff medical condition and the failure of (CMS) (RN's) to provide medication and for Geo-Group to provide lower-level-lower bunk and lay-in trays (food) have violated rights protected by eighth Amendment, U.S. Const. (emergency medical condition) created staph infection, which in fact staph infection could have been prevented if the toenail was removed no later than 10/25/07, because of lack of any specialist and/or no transportation to hospital was done to save medical costs for: Geo-Group / CMS / and (A.D.O.C.).

Once plaintiff and this Court receives full dis-closure of this medical file, these alligation set-forth will be found truthful and correct.

I am making a claim against all parties mentioned (defendants) on page (1) and (A-1) and on pg. (2) and (A-2) of this 42 USC §1983 petition, jointly and severly in their offical and individual capacities, under color of state law, (See compensatory and punitive special damages against superintendent Jeffnery Wriggles (Geo-Group, Inc.) (n.c.c.f.) and Dr. Dora Schriro, Director (A.D.O.C.); for special damages while plaintiff in custody and care of both (A.D.O.C.) at: Geo-Group, Inc. at (n.c.c.f.).

Plaintiff is suing GEO-Group, Inc., superindendent Jeffery Wriggles and Dora Schriro, (A.D.O.C.) Director, for compensatory and punitive special damages, because mistreatment happened while under their watch. MR. Wriggles and Ms. Schriro are both liable for their failures and their failures were/are deliberately in--different, to plaintiff's serious medical needs after being notified by (Dr. Lorenzo and ADW Wagner and MR. Holder) and are in violation to the eighth amendment to the U.S. Constitution.

All Defendants mentioned herein are vicariously liable for all actions and have contributed to the plaintiff's mistreatment of "ingrown toe nail" that had resulted in unnecessary "staph-infection", delay in medical treatment, where claim is valid concerning serious injury, defendants were deliberately indifferent to plaintiff's medical needs in violation of state and Federal laws and the U.S. Const.

On 11/27/2007, plaintiff suffered a severe injury to the left side of (his) skull and Jaw-Joint and broke Jaw bone iss, by falling down the steps (by--accident) because plaintiff had to "Hop up and down the steps in his housing unit (area) after Dr. Lorenzo gave order for lower-level-lower Bunk" for plaintiff, and GEO Group-movement officer failed to move plaintiff, "causing this injury", while the plaintiff was hopping up the steps at 1:o'clock in the morning, after hopping back from med line.

Plaintiff submits, he suffered this injury (falling down the steps) while on a "narcotic", that the Dr. Lorenzo had prescribed for pain after foot-surgery.

GEO Group, Inc, Movement officer (name unknown) named as one John Doe, is liable for this fall down the steps - and was deliberately indifferent to Dr. Lorenzo's order to move plaintiff to lower-level lower Bunk and has caused this severe injury to plaintiff's disfigurement today. ▮▮▮.

Claim II: ▮▮▮▮▮▮▮.

on 11/27/2007, after plaintiff fell down the steps while on narcotic, (he) informed GEO-Group (Officer-John--Doe) on duty that night (in K-Building) about fall and being "Knocked out from fall" and hitting (my) skull (head) and side of face (Jaw area) left side of face (that I had injured myself). I requested GEO-officer-John-Doe to alert (cms) medical A/s/A/p about injury, so I may see medical provider, on 11/27/07.

on 11/27/07, GEO-Officer (John Doe) immediately informed me that an incedent report will be written up about (my) injury and officer will call medical for provider to see me. After officer called medical, he stated, "Their is no medical provider avaiable at (n.c.c.f) (cms) to see me."

on 11/27/07, I requested officer (John Doe) to call his Shift Supervisor, to inform him of all mentioned herein,

- to have Shift Supervisor at (n.c.c.f.) to contact medical Department at (CMS) (n.c.c.f.), to find-out if he could find a provider to come see me at (my) housing unit or if I should go to (cms) medical Department to see a provider.

█████: GEO-Group-Shift Supervisor, never showed up to K-Building housing Unit to look at my injury on 11/27/07, and plaintiff never went to (cms) medical Department on 11/27/07, the night the injury occurred.

█████ GEO-Group-officer (John Doe), ordered the plaintiff (on 11/27/07) that night, to return to his Bunk and told me to fill out H+R medical request form to see Doctor at (n.c.c.f.) (CMS) medical Department.

█████: After plaintiff filled out H+R request form on the night of 11/27/07, plaintiff handed the H+R form to Geo-Group-officer- (John Doe).

█████ Officer (John Doe) told plaintiff (on the night of injury): (11/27/07) "I will be seen by (cms)-provider within the next few days or so". officer (John Doe) told me "he will put H+R Form in the (CCMS) medical H+R Box".

█████ from 11/27/07 to 12/27/07, plaintiff had filed H&R request forms to (cms) provider, in repeated attempts to have medical provider call plaintiff in to look at serious medical injury.

█████: Their were no responces to 11/27/07 to, up until 12/27/07, medical requests to see provider.

Between 11/27/07, to 4/14/07, plaintiff has kept all or most of his medical receipts from (cms) medical Dept. at: (n.c.c.F.), along with filed administration - requested remedy(s) (documents) dinied,(n.c.c.F.) complex.

Plaintiff made many verbal attempts to resolve serious medical issue to (cms) (RN)'s and CEO-officers to locate (Arizona monitor for medical Dept.) and plaintiff was continuosly and rudely rejected by them for assistance up until 12/27/07.

Between 11/27/07, to 12/27/07, plaintiff's left side of his face, has pains, created from injury, swelling, and this effected daily activity(s) and most of the time the throbbing pain was unbearable.

Plaintiff submits, he still feels numbing pains and throbbing with migrains daily from this disfigurement to this day.

Between 11/27/07 and 12/27/07, plaintiff never had received any medical attention from (cms) medical at (n.c.c.F.) or any type of pain relief; and

Finally, on/or about 12/27/07, Dr. Lorenzo at (cms) (n.c.c.F.) ordered Ex-rays to be done on plaintiff.

Ex-rays were taken by (cms) (RN) medical staff, at (n.c.c.F.) of plaintiff's "Skull", Both Sides of Skull to include Jaw - both sides.

Plaintiff requested to see Ex-rays "taken" and was shown Ex-ray - (pictures) and (pictures) were not real good, did not reveal Brake clearly; lay person could see top and bottom teeth did not line up.

Between 1/2/08, to 1/20/08, plaintiff was finally sent to wishard hospital in the city of Indianapolis,, in the State of Indiana, by order of Doctor Eli Lorenzo, transported by CtO-Group-officer, at (n.c.c.f.) to have Doctor at wishard Hospital take an (M.R.I.) and/or (Cat-Scan) of plaintiff's complete Skull to include both Sides of Jaw.

At wishard hospital, plaintiff was shown the results of his serious injury, when Doctor (John-Doe) had shown pictures of the Cat-Scan, (MRI) taken of plaintiff's Skull and Jaw bone on both -sides. Plaintiff Could See damage on left-side of Jaw Joint and Jaw bone was broken and was not connected to Jaw Joint. 'I asked Doctor (John-Doe), what can be done to fix the Jaw bone, to reconnect bone to Jaw Joint (?), to fix this damage done. Doctor (John Doe) replied, stating, "He can not do this surgery because its been to long since the brake, and will cost to much money -to fix it now, and (A.D.O.C) will not pass them the money to fix damaged injury, (Jaw Joint and teeth) to do any corrective Surgery".

While at the Wishard hospital, that same day, as (MRI) was taken, Doctor (John Doe), told me, "He will find-out if (A.D.O.C.) will pay for corrective Surgery, and then he will notify (me) in a follow--up appointment of (A.D.O.C.) answer to corrective Surgery".

After many attempts by the plaintiff to find out answers about "doing corrective surgery" for broken bone(s), the plaintiff was told by Dr. Eli Lorenzo (in person at the infurnery) that no surgery will be done and their is no need to stay in the in-furmery any longer. (while n.c.c.f. was doing X-rays and finding-out if bones were broken, Dr. Eli Lorenzo, granted order for plaintiff to be housed at the infurnery at (n.c.c.f.), this was only for two weeks).

Do to Dr. Lorenzo's answer, of no surgery to be done to correct broken jaw bones, plaintiff was forced to file informal complaint, leading to filing grievances concerning this matter. ~~~~~~~~~~~~~~

Due to plaintiff's "complaining" in grievances, GEO--Group / CMS / A.D.O.C. Monitor - were "SICK" of those complaints about them not correcting plaintiff's - (broken jaw bones) - they together "moved"(me) back to (A.D.O.C.) in Arizona prison, to 'rid themself's' of (me) and my complaints and/or any follow up needed.

Plaintiff filed grievances with MR. Holder, grivance officer at GEO-Group - (n.c.c.f.) complex in the State of Indiana, were MR. Holder denyed plaintiff any type of relief.

Plaintiff then filed grievance with (A.D.O.C.) monitor Ms. Wagner, giving MR. Holder the grievance form, and Mr. Holder, never signed grievance form for Arizona - Monitor, and then fowarded grivance to MS. Wagner, to be processed. After Arizona grievance was "filed" is when plaintiff was moved back to (A.D.O.C.) in Arizona.

(CP-4)

Plaintiff was transported by GEO-Group to ASPC-Tucson then (A.D.O.C.) housed plaintiff at ASPC-Tucson Santa-Rita Unit for only "10 days", then Moved plaintiff to ASPC-Yuma-Dakota-Unit, then (A.D.O.C) Moved plaintiff to C.P.C.F. in Hinton Oklahoma, where (A.P.O.C.) had claimed no medical Records were forwarded by GEO-Group-(C.M.S.) at (N.C.C.F.) and/or by Wishard Hospital to (A.D.O.C.) medical in plaintiff's medical File. (concealing serious medical injury).

Plaintiff was given a disciplinary action for giving false information to (A.D.O.C.) medical at ASPC-Yuma-Dakota-Unit and wipp officer about broken Jaw bone. Plaintiff was found guilty for giving false information to staff, were after it was found that plaintiff was not giving false information about broken Jaw bone, plaintiff's Appeal (medical-Records) were concealed and disciplinary was never taken off the plaintiff's record in AIM's File at Central office (A.D.O.C).

Plaintiff submitts, his transfer back to Arizona prison system was a subterfuge (stratagem) in order to conceal plaintiff's serious medical issue to save costs for those departments at (N.C.C.F.) and (A.D.O.C) by not sending medical Files with plaintiff when he returned to Arizona prison. (to include not sending the Wishard hospital M.R.I.) for (A.D.O.C.) Medical review. Those actions mentioned are not mere negligent but are deliberate and indifferent to plaintiff's medical needs, which caused irreparible defigurment today.

(Q-4)

■■■ ) Plaintiff is making a claim against all named and unnamed defendants mentioned herein found on:

■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Jointly and severly in their offical capacities, under color of state law, and in their individual capacities for special damages occurred while plaintiff was in custody and care of: Geo-Group, Inc., Cms-medical and (A.D.O.C.) at: (n.c.c.f.), (ABC/XYZ, Corp.).

■■■ Plaintiff is Sueing, Geo-Group, Inc, superintendent, Jeffrey Wriggles (n.c.c.f.) and Dora Schaira, (A.D.O.C) Director, for compensatory and punitive special damages because mistreatment of serious injury occurred while under their watch, and both parties are liable for their Failures, and Failures were deliberately indifferent to plaintiff's serious medical needs after being notified by (Dr. Lorenzo and ADW Wagner and MR. Holder) about plaintiff's serious injury, and defendants mentioned are in violation of the eighth amendment to the U.S. Constitution, state laws as provided and/or all emergency medical policies in place, provided for Geo-Group, Inc, (n.c.c.f.), (cms) medical and (A.D.O.C.).

■■■ All defendant mentioned herein are vicariously liable for actions menitions (or lack of action) and have contributed to disfigurement of plaintiff's broken Jaw bones, nugrain pains daily, daily suffering, and with future medical complications, where the defendants acted deliberately indifferent to plaintiff's-

(S-4)       (R-4)

- serious medical needs (mistreatment) creating plaintiff's disfigurement today. Defendants acted in general and gross negligence and intentional and negligent --infliction of psychical suffering, causing worse permanent psychical disfigurement to plaintiff's Jaw bones, to include emotional distress, duress, and abuse of authority and power concerning mistreatment of plaintiff's serious injury and for concealing medical files, in violation of the 1st, 8th and 14th Amendments of the United States Constitution, state and federal laws, prison policy(s), creating violations mentioned herein.

Broken Jaw bone injury disfigurement, by falling down steps while on a narcotic has created "Special -damages" for any, past and/or present and/or future medical costs, loss of wages, loss of full ability to use Jaw/normal function with daily activities; all past pain and suffering, (to include all pain and-suffering) daily with Jaw swelling and migrains when eating meals or any food, to include loss of wait, (all legal fee's) humiliation, which has caused possible irreparable disfigurement to Jaw joint and bones/ Jaw line/ Jaw bite, no real sleep with-out "sleep-aid" which was created in a deliberate indifferent manner by all defendants mentioned herein.

retaliation to filing grivances by GEO-Group, Inc, at (n.c.c.f.), (cms) medical, and (A.D.O.C.) will be disclosed in due corse and will be proven to be true.

Plaintiff submits, that delay of repair to serious medical need, to repair broken Jaw bones, creates migrains every time plaintiff eets (Food), where the Movment of Jaw (Bottom Jaw) can create in time "T.M.J." (Lock-Jaw) and at any time cause "Blood Clot", do to Jaw bone itself is moving "up-ward" causing pain when moving.

Plaintiff's Jaw bone on Left side, is not connected at the Jaw bone Joint. Chewing movement pushes the Jaw bone up ward, where plaintiff feels this pain every time the bone moves.

The pain of Jaw bone moving up ward is some times unbearable, and plaintiff receives no real pain relief for this pain, still to this day.

Plaintiff submits, his injury, for which the law provides a remedy, is 'accidental injury', and is now a 'continuing injury' (bodily injury) which is unclear if injury is 'irreparable injury' or 'personal injury' that is 'permanent injury' as is 'physical injury', caused by defendants in violation of laws, State and Federal, concerning mistreatment; for these reasons, an expert witness is necessary for the plaintiff to provide, establish level of his injury.

2) Pursuant to a Jury trial, held in Arizona State Superior Court, CR-2000-3697, in Pima County, plaintiff was found guilty of Second Degree Murder Charge and Sentenced to the Department of Corrections (A.D.O.C.) without an attorney at sentencing on March 18th, 2001.

3) On March 18th, 2001, plaintiff was illegally sentenced to 19 years to (A.D.O.C.) re: see CR-2000-3697.

4) The State of Arizona Court in Pima County, appointed Public Defender to review plaintiff's case/file and to 'file' direct Appeals brief on behalf of plaintiff's fundamental, Constitutional violations in his case.

5) Public defender failed to adequately review, to receive undisclosed exculpatory evidence in the case record, raise appropriate arguments of law and fell below the minime adequate requirement by law in briefing constitutional claims in the plaintiff's direct appeal brief.

6) Plaintiff was forced into filing pro-se petition for Post conviction relief based on claims of ineffective assistance of Trial Counsel and Appellate counsel.

7) Plaintiff had to seek help from other inmates to be able to provide Superior Court in Arizona valid Claims (colorable Claims in (P.C.R.)) petition to have evidentiary hearing, held on 1/9/06.

8) Plaintiff is unversed in the law and basically illiterate thereof, and having minmal exposure to the Court System wanted to file a (Second Rule 32) and/or –

Continue to pg (V-4).   (4.-4)

continued from pg. (U-4).

his habeas Corpus petition pursuant to 28 USC § -
-2254 (d), to challenge his convictions fully and
sentence in the above named matter which is plaintiff
fundamenta right to appeal, since appellate counsel
failed to raise all Constitutional Issues appropriately
in direct appeal brief, under ineffective assistance claims.
9) on April, 5th, 2007, plaintiff was illegally transported
from (A.D.O.C.) Arizona State to Indiana State (n.c.c.f.) a
non-compact State, to be housed by Geo-Group, Inc,
in New Castle Indiana.
10) on April, 24th, 2007, a riot occurred at (n.c.c.f.) and
plaintiff was not involved in riot and was locked
down in housing unit without legal law library access,
or mail access to Courts, after riot and had to
rely on inmate Clerk at (n.c.c.f.) library, who was
not versed in law properly and/or how to prepair
plaintiff's Amended habeas Corpus petition, do to Geo-
-Group-Staff "kept most of plaintiff's legal paper
work in Storage", after riot occurred.
11) Plaintiff submits, inmate Clerk at (n.c.c.f.) library
had incorrectly prepared plaintiff habeas Corpus
petition while plaintiff was on lay-in and suffering
pain with Swelling (Staph Infection) on great toe
from failure to remove ingrown toenail timely.
12) Plaintiff Moved District Court in Tucson Arizona
to Amend petition (habeas) and was denied Amendments.
13) Geo-Group, Inc, at (n.c.c.f.) also kept "new evidence"
information in Affidavit form away from plaintiff —
continue to pg (w-4) (V-4)

- denying access to present that evidence timely under Rule 32.1 (e), Ariz. R. Crim. P., in Second P.C.R. petition.

14) Plaintiff, when he could, would "hop up to library" after lock down was lifted at (n.c.c.f.), to see if Indiana law library had received "Arizona law books" which (n.c.c.f.) library did not receive, only in part, starting in late November of 2007 to April of 2008.

15) Upon plaintiff's subsequent imprisonment, he learned for the first time that the State of Arizona had removed law libraries and law books containing courts decisions and self-help books on post conviction relief, civil litigation §1983 information from its prison system about November 27th, 1997, and that State law put into effect sometime in 2004 regarding the unauthorized practice of law prohibited or banned paralegals from giving anyone (inmates in Arizona) legal advice and from assisting anyone (inmates in Arizona) with the preparation of their legal documents to be filed in the Courts unless admitted to practice by the State bar, and prohibits inmates in Arizona from assisting each other. This application of law applied while the plaintiff was at (n.c.c.f.) in Indiana.

16) Plaintiff unversed in law and basically illiterate of the law with minimal exposure to the Courts system, and without legal assistance in the State of Indiana, and Indiana's failure to provide law books needed to research plaintiff's criminal and civil claims involving fundamental constitutional rights and/or the failure —

continue to pg. (X-4). (W-4)

Continued from pg. (w.-4).

- of the state of Indiana to provide plaintiff legal assistance from one trained in law to legally advise plaintiff and assist him in the preperation of his legal documents to be filed in the Court (while at (N.C.C.F.) in the state of Indiana; from between 4/5/07 to 4/14/08), and during these proceedings and imposing prohibition against inmates from assisting each other with their legal matters, prepared habeas corpus petition stemming from Arizona State (P.C.R.) petition that where filed with Superior Court of Arizona about fundamental constitutional violated rights and the request(s) for appointed Counsel refused.

17) Plaintiff has the same fundamental rights, privileges, and immunities in the State of Indiana and in the State of Arizona and to petition the government for a redress grivance's (access to the Courts) and the right to legal assistance from one trained in law.

18) The State of Indiana's failure to provide plaintiff with legal assistance from one trained in law to assist with preperation of: (1) Second Rule 32 (P.C.R.) petition under § (e) "newly discovered evidence"; and (2) with preperation of habeas Corpus petition in Federal District Court; and (3) To redress, grievance's; and/or (4) follow up with Civil Complaint under Tort Act (under Indiana State law) or with 42 USC § 1983 Action. (Each action involving fundamental Constitutional rights under the law).

continue to pg. (y-4).     (X-4)

continued from pg. (X-4).

19) <u>Injuries</u> : The state of Indiana's failure to provide plaintiff with legal assistance with one trained in law to assist with praeperation of his post conviction relief, and civil rights action (s) to : (1) <u>Appeal</u>; a fundamental right, and (2) <u>Equal rights to pursue post conviction relief</u>, - a fundamental right, and (3) <u>Self-representation</u>, - a fundamental -right, and (4) <u>access to the Courts</u>, - a fundamental -right, and (5) <u>legal assistance</u>, - a fundamental- -right, and (6) <u>To pursu violations of civil rights</u>, a fundamental right, resulted in the injuries listed below :

a). Dismissal of first (P.C.R.) petition under <u>Cr-2000--3697</u>; and

b). Dismissal of Second and Third petitions (P.C.R.) under <u>Cr-2000-3697</u>, pursuant to <u>Rule 32.1 (e)</u>, new evidence, and

c). Denial of right to petition the governmont for a redress grievance's (<u>refused to process Arizona</u> grievance while plaintiff was located at (n.c.c.f.); and

d). Retaliation for seeking emergency medical care; and

e). Retaliation for seeking grievance proceedures; and

f). Caused unnecessary delay in bring this action under <u>42 USC § 1983, Civil Rights Complaint by a State prisoner</u>;

g). Mental Anguish and Distress; and

h). Psychological pain and Suffering.

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending? _NO - dismissed without prejudice/Rule 41 (a)(a)_

d. Issues raised: _Concealing medical treatment (mistreatment of injuries)_

e. Approximate date of filing lawsuit: _10/27/08_

f. Approximate date of disposition: _11/6/08, see order filed with (Doc #1)._

2. I have previously exhausted available administrative remedies regarding the events or acts complained of in Part II of this complaint. ___✔___ Yes _____ No

If your answer is "Yes", briefly describe how relief was sought and the result:

_filed grievances with Geo-Group, Inc. (cms) at New Castle, Indiana, Then filed grievance with (A.D.O.C.) administration in Arizona, also with Risk Management in Arizona, and with Department of Insurance, patient compensation fund in State of Indiana. (A.D.-O.C.) grievance's took almost (2) two years to be final. the grievance(s) were all Denied- in Indiana and Arizona._

## VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28. U.S.C. §1915, please list each civil action or appeal you have brought in any court of the United States while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "VI. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a. Parties to previous lawsuit: **None.**

Plaintiff(s):_____

Defendant(s): _____

b. Name and location of court and docket number:_____

c. Grounds for dismissal:

(  ) frivolous (  ) malicious (   ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: _____

e. Approximate date of disposition:_____

5

## VII. REQUEST FOR RELIEF

I request the following relief:

(1) Award plaintiff Special Damages against each defendant an amount to be determined upon a jury trial, but not less than: $3,000,000.00; and (2) Award plaintiff compensatory damages against each defendant in a sum to be determined upon a jury trial, but not less than: $10,000,000.00; (continue on pg (A-6).

_____        _Thomas M. Jones_____
Original signature of attorney (if any)        **Plaintiff's Original Signature**

Date: _1/14/2010_____

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is **true and accurate**.

Executed at _Maricopa County_____ on _1/14/2010_____.
          (location)            (date)

_____Thomas M. Jones_____
**Plaintiff's Original Signature**

Plaintiff demands a trial by jury. ____✓____ Yes _____ No

Continued from page #6.

(3) Award plaintiff punitive damages against each defendant in a sum to be determined upon a jury trial, but not less than: $5,000,000.00.

(4) For any / and / all legal costs, fee's, filing fee's legal copies and legal postage; and

(5) For such other and / any further relief as the Court deems just; and

(6) **INJuctive Relief**: Corrective Surgery; and

a) implant studs, for snap in dentures and/or for permanet dentures to stabilize Jaw line / Bite ; and

b) needed physical therapy (as follow up care); and

c) Pain mancgement for remainder of plaintiff's time in custody and control of (A.D.O.C.) prison; and

d) Medical Specialist care and/ any /all other Special care related to treatment to repair injury; and

e) Injury occurring, steming from any surgery preformed by Specialist in this matter to include Death by preforming the surgery to repair the broken Jaw bone; and

f) Or any other "unknown" injury not reported, that is underlying injury steming from original Jaw / skull injury caused by delay of proper emergency medical treatment (care) and mistreatment to broken Jaw bone and disconnected Jaw bone(s), Jaw Joint fracture, fractured Skull, nerve damage, relating to any unreported (unknown) brakes or fractures by Doctors in Indiana or Arizona as is cited herein is immediately granted.

Continue to pg (B-6).     (A-6)

Continued From pg. (A-6).

(7) Order the State of Indiana to provide plaintiff with all law books containing courts decisions for the Federal Supplement for District of Indiana, and the Federal Reporter for the 7th Cir. Court of Appeals, and, the United States Reporter, Fed. Civil Procedure for Indiana, and Local Rules of the United States District Court for Indiana, Self-help law books for Civil and Criminal habeas corpus and post--conviction relief, and for forms books; and

(8) Order the State of Indiana to provide plaintiff legal assistance by providing an attorney authorized to practice law by the State Bar to assist plaintiff with his criminal and civil actions; and

(9) Order the Clerk of the United States District Court of Indiana to provide plaintiff with, 20 Summons and Service of process forms, to serve all defendants in this action.

1/14/2010

Dear Clerk of:

United States District Court, Southern District
of Indiana:

Inclosed you will find my Amended Civil
rights 1983 packet with:

1) Plaintiff's Motion for Appointment of Counsel,
2) Affidavit in Support of Appointment of
   Counsel, (Both Motion and Affidavit have
   attachments)
3) Motion for Enlargement of page Count
   for 1983 Civil Rights petition, and
   (order of Count attached thereto), with
4) Civil rights, 1983 petition form + -
   extra pages (Amended 1983 petition)
   NO: 1:09-CV-1204-WTL-TAB.
see Houston-v-Lack, 487 US 266, 108 S.Ct 2379 (1988) Mail Box Rule.
   You will find Three Copies of all
above mented documents inclosed.
   Please when you send me back my copy
of all documents, Please Send necessary Summons
(Summons) forms to Serve all parties as is
required by law. Thank You.
              Sincerely: Thomas M. Jones
   (1-of-1)                 ADC# 98106