| | |
|---|---|
| Thomas M. James<br>ADC # 98106<br>ASP-Kingman<br>Building 4-C-51<br>P.O. Box 6639<br>Kingman, Az 86402<br><br>Thomas M. James,<br>Plaintiff,<br>v.<br>GEO Group, Inc., et. al.,<br>Defendants. | United States District Court<br>Southern District of Indiana<br><br>NO: 1:09-CV-1204-WTL-TAB<br><br>Plaintiff's Affidavit In Support of Doctor 'Minnigan' Diagnosis on January 2nd, 2008.<br><br>Hon: Judge, William T. Lawrence. |

FILED<br>INDIANAPOLIS DIVISION<br>APR 2 5 PM 4 45<br>SOUTHERN DISTRICT OF INDIANA<br>LAURA A. BRIGGS<br>CLERK

Thomas M. James, ADC, 98106, Plaintiff in the above mentioned cause, being duly sworn, deposes and says:

1) I am the plaintiff in the above entitled case. I make this affidavit in support of my 42 USC § 1983 Complaint, and Motion for appointment of Counsel, filed on 1/14/2010.

2) The complaint in this case alleges that the plaintiff was subject to mistreatment of a serious medical injury and defendants failed to comply with preforming a duty they are required to preform that was unreasonable infringement of plaintiff's fundamental right to emergency medical care for a serious medical need in violation of the 8th Amend. U.S. Const.

(1)

3). This is a complex case because it contains several different legal claims, with each claim involving different defendants.

4). The case involves medical issues that will require different (outside Department of Corrections) independent expert testimony and diagnosis concerning unrepaired injury to plaintiff.

5) The plaintiff has demanded a jury trial.

6) The case will require discovery of documents and depositions of a number of witnesses.

7) The testimony will be in sharp conflict, since plaintiff had filed H and R medical forms prior to (CMS) and Doctor Lorenzo's responce on 12/27/07, to time the injury occurred on 11/27/07 (30 days earlier) and plaintiff explained to Doctor at the Wishard hospital that "He fell down steps" and that caused injury, not that he was in a "fight, then fell" as it is written in Dr. Nicolas P. Villanustre, history of present illness attached to this affidavit as Exhibit A. (See Exhibit A, pg #2).

8) Doctor Villanustre, history of present illness is a mischaracterization of the facts of the injury set-forth in his writtings, (ie. see Exh. A, pg #2).

9) The plaintiff has only a high school education and has no legal education.

10) The plaintiff is serving 19 yr. sentence in prison, and in Arizona, has no real access to legal material and has no access or ability to investigate the facts of the

(2)

— case and no access to Indiana law, policys, or procedure of (CMS), (N.C.C.F.), GEO Group Inc., Wishard hospital and by locating and interviewing other inmates who were eye witnesses to this injury.

11). As is set forth in plaintiff's civil rights complaint, 42 USC §1983, petition, and in the 1/14/2010, Motion for Counsel, memorandum of law, support plaintiff's allegations that an injury exsists and support appointment of Counsel to represent the plaintiff.

12). Plaintiff's condistion is getting worse every day, and litigating further would create hardship on him in this matter.

Wherefore, the plaintiff's Motion for the appointment of Counsel should be granted in due course once the Court rules that plaintiff's 1983 petition [complaint] is in compliance with Rule 8 and Rule 10, Fed. R. Civ. P.

Sworn to before me this March 30  2010.

Thomas M. James
Plaintiff, Thomas M. James
ADC #98106

Charlene A. Haffner                    2-15-2013
Notary Public.              My commission Expires:

Notary Public State of Arizona
Mohave County
Charlene Ann Haffner
My Commission Expires
02/15/2013

(3)