# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| THOMAS M. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:09-cv-1204-WTL-TAB |
| | ) | |
| DR. ELI LORENZO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry and Notice**

**I.**

The Order granting summary judgment in favor of defendant LeFlore clarified the claims alleged against LeFlore. LeFlore allegedly failed to perform a duty to move plaintiff to a lower-level-bunk bed. The claim just described has no discernible connection with the other defendants or the denial of medical care claims alleged. The result of these facts is that the claims against LeFlore are misjoined with the claims against the other remaining defendants Dr. Eli and Dr. Villanustre. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006)("Misjoinder [under Rule 21] . . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction.").

Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Severance preserves rights that depend on the date that the complaint was filed, such as defenses to applicable statutes of limitation. *Id.* That is the course that shall be taken in this instance: the claims against Dr. Eli and Dr. Villanustre shall be severed and shall proceed in a separate action.

**II.**

Consistent with the foregoing, the claims against Dr. Lorenzo Eli and Dr. Nicolas P. Villanustre are **severed from the second amended complaint [24].**

## III.

To effectuate the ruling in Part II of this Entry, one new civil action from the Indianapolis Division shall be opened, consistent with the following:

a.  Thomas M. James is the plaintiff in the newly opened action.

b.  The Nature of Suit shall be 555.

c.  The Cause of Action shall be 42:1983pr.

d.  The second amended complaint [24] in this action shall be filed and re-docketed as the complaint the newly opened action.

e.  A copy of this Entry shall be docketed in the newly opened action.

f.  This action and the newly-opened action shall be shown with this action and with each other as linked actions.

g.  The defendants shall be Dr. Lorenzo Eli and Dr. Nicolas P. Villanustre.

## IV.

Consistent with the determination and rulings made in Part III of this Entry, all claims against Dr. Lorenzo Eli and Dr. Nicolas P. Villanustre are dismissed without prejudice. These defendants Dr. Lorenzo Eli and Dr. Nicolas P. Villanustre are terminated in this action.

**IT IS SO ORDERED.**

Date: 3/29/13

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

THOMAS M. JAMES
98106
ARIZONA STATE PRISON
ASPC-Douglas
Mohaue North
P.O. Box 5002
Douglas, AZ 85608

All Electronically Registered Counsel